David R. Wright (USB No. 5164; Email: dwright@wnlaw.com)
Charles L. Roberts (USB No. 5137; Email: croberts@wnlaw.com)
Kirk R. Harris (USB No. 10221; Email: kharris@wnlaw.com)
Cara J. Baldwin (USB No. 11863; Email: cbaldwin@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff ICON HEALTH & FITNESS, INC.

FILED
U.S. DISTRICT COURT

2011 APR -1  A 10: 33

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC. a Wisconsin corporation,<br><br>Defendant. | Civil Action No. 1:10-cv-00209-DB<br><br>[~~Proposed~~] STIPULATED PROTECTIVE ORDER<br><br>Honorable Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

The parties hereto have acknowledged that during the course of this proceeding certain matters may be produced which are or may constitute trade secret, confidential research, development, or otherwise confidential commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The parties are desirous of protecting such confidential information from inappropriate disclosure and have therefore stipulated that this

1

Protective Order be entered by this Court or any subsequent court of competent jurisdiction and that it shall govern all confidential and protected information produced in this proceeding.

For purposes of this Order, the following definitions shall apply:

A. "Documents" has the meaning set forth in Federal Rule of Civil Procedure 34(a), and includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the above.

B. "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains any trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7), and which bears the legend, or is otherwise designated, "CONFIDENTIAL."

C. "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "CONFIDENTIAL," as set forth below. All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations. Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7), provided that, within ten days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information

disclosed and referencing the place and date of such disclosure. Confidential Information does not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; (vi) advertising materials, (vii) materials that on their face show that they have been published to the general public, or (viii) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

   D. Information designated as "CONFIDENTIAL" may be additionally designated "ATTORNEYS' EYES ONLY". The "ATTORNEYS' EYES ONLY CONFIDENTIAL" designation is reserved for Confidential Information that constitutes proprietary, financial, or technical data or commercially sensitive competitive information, including, but not limited to, Confidential Information obtained from a nonparty pursuant to a current Nondisclosure Agreement (NDA), Confidential Information relating to future products not yet commercially released, strategic plans, marketing information, financial information, consumer account or transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the producing party.

## THE FOLLOWING PROTECTIVE ORDER SHALL GOVERN THE PRODUCTION OF CONFIDENTIAL INFORMATION IN THIS PROCEEDING:

1. Confidential Documents and Information shall not be used or shown, disseminated, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2. Confidential Documents and Information that are designated "CONFIDENTIAL" may be disclosed only to the following persons ("Qualified Persons"):

    a. Client representatives for each party, provided that such representative is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action. Each party shall identify the designated representative to the other parties before granting such access;

    b. Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees or agents of counsel, including jury and graphics consultants and copying or document scanning personnel retained by counsel, to the extent reasonably necessary to render professional services in this action, including appeals, and provided that such persons are actively engaged in the prosecution or defense of this action;

    c. Persons identified in a document designated as "CONFIDENTIAL" as an author of the document in part or in whole, or persons identified on the document as one to whom a copy of such document was sent prior to its production in this action;

    d. Witnesses where at least one of the following conditions applies:

        i. the witness is a current employee of the designating party;

    ii. the witness is an author of the document or received the document received during the time when such person was an employee of the designating party;

    iii. the witness' name appears on the Confidential Document or Information as a person who has previously seen or had access to the Confidential Document or Information, or if it is reasonably established that the witness has knowledge of information contained in the document about which the witness is being examined;

    iv. the designating party has consented on the record of the deposition to the showing of the Confidential Document or Information to the witness; or

    v. the party wishing to show the witness the Confidential Document or Information notifies the designating party of that desire, with a specific listing of the Confidential Documents or Information to be so shown, and the designating party consents in writing to such showing, which consent will not be unreasonably withheld. If, however, such consent in writing is not received, such Confidential Documents or Information may not be shown to the witness until and unless the party wishing to show the Confidential Documents or Information to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

  e. Witnesses being shown Confidential Documents or Information under subparagraphs (d) (ii), (iii), (iv) or (v) shall not be allowed to retain copies of the Confidential Documents or Information. However, a witness who was shown

Confidential Documents or Information during a deposition may review the Confidential Documents or Information while reviewing his or her transcript, provided that any Confidential Documents or Information is not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

  f. Court officials involved in this action;

  g. Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain "confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record;

  h. Outside consultants or experts, including their clerical support staff, retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the opposing party no less than ten (10) business days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information is to be disclosed, including the Curriculum Vitae of the proposed consultant or expert, a list of all publications by the proposed consultant or expert for the past ten (10) years, an identification of any previous or current relationship (personal or professional) with any of the parties, and a list identifying all lawsuits in which the proposed consultant or expert was involved in any capacity for the past four (4) years, with the proviso that, if within that ten (10) day

period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval.

3. Confidential Documents and Information designated "ATTORNEYS' EYES ONLY CONFIDENTIAL" shall be available only to persons identified under Paragraphs 2(b), (c), (d), (e), (f), (g), and (h) above, and shall not be available to persons identified under Paragraph 2(a) above.

4. Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

5. Notwithstanding the provisions of paragraphs 2 or 3 hereto, a party or producing person is free to disclose or use his, her, or its own Confidential Documents or Information without restriction.

6. Before any person described in paragraph 2(a) or 2(h) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A. A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information. The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this protective order.

7. Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8. Any document or thing containing or embodying Confidential Documents or Information that is to be filed in this action shall be filed in sealed envelopes or other sealed

containers which shall bear the caption of the case, shall identify the contents for docketing purposes, and shall bear a statement substantially in the form:

### CONFIDENTIAL

**Filed under Protective Order. This envelope is not to be opened nor the contents thereof displayed or revealed except by order of the Court or by agreement of the parties.**

Outside attorneys of record for the parties are hereby authorized to be persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of the Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.

9. At a deposition or within thirty (30) days after the date of the deposition, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent. Until the expiration of the thirty day period, all of the testimony contained in the transcript volume shall be treated as non-confidential unless otherwise designated by a party at the deposition. To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10. At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party. If the parties are unable to agree as to whether the confidential designation of the documents or information is appropriate, the receiving party may file a motion challenging the designation. The disclosing party shall have the burden of establishing that the disputed Confidential Documents or Information are entitled to confidential treatment. All Confidential Documents and Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to confidential treatment.

11. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. A designating party that mistakenly fails to mark an item as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY CONFIDENTIAL" at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. In the case of documents, any such mis-designated materials shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the producing party becomes aware of the failure to mark. Such correction and notice thereof shall be made in writing, accompanied by

substitute copies of each item, appropriately marked as Confidential material. Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

13. The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

15. This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action. Such non-party shall be deemed to avail itself of the provisions and protections of this Protective Order by making production consistent with it.

16. The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and declarations executed pursuant to paragraph 7 hereto, shall either be returned to the producing party or person or destroyed, with the exception

of source code documents, which shall be returned to the producing party. All parties or persons that received Confidential Documents shall make certification of compliance with this section and shall either deliver same to counsel for the person that produced the documents not more than sixty (60) days after the final conclusion of this action. The Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

17. The mistaken production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. The producing party shall notify the receiving party in writing of any such mistakenly produced documents as soon as reasonably possible after the producing party becomes aware of their mistaken production. Upon receipt of such notice, the receiving party shall, within three (3) business days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED.

DATED this 1st day of April, 2011

BY THE COURT

By _____

Hon. Judge Dee Benson
United States District Court Judge

**STIPULATED AND AGREED AS TO FORM AND CONTENT:**

DATED this 31st day of March, 2011.                 DATED this 31st day of March, 2011.

Attorneys for Plaintiff                             Attorneys for Defendants
ICON Health & Fitness, Inc.                         Johnson Health Tech North America, Inc.

By: /s/ Charles L. Roberts                          By: /s/ Brent O. Hatch