IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>Defendant. | **REDACTED**<br><br>MEMORANDUM DECISION AND ORDER<br>• GRANTING IN PART ICON'S MOTION FOR PARTIAL SUMMARY JUDGMENT (187);<br>• DENYING JOHNSON'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT (199); and<br>• GRANTING IN PART JOHNSON'S MOTION TO AMEND COUNTERCLAIMS (211).<br><br>Case No. 1:10-cv-00209-DN-DBP<br>District Judge David Nuffer |

This case arises out of actions occurring subsequent to settlement of prior litigation between these same parties, Icon Health & Fitness, Inc. (Icon) and Johnson Health Tech North America, Inc. (Johnson Health). The prior litigation ended with a Settlement Agreement effective May 31, 2009.[1] The Settlement Agreement contained a release of prior claims between these parties, a license for some technology, a covenant not to sue, and an alternative dispute resolution (ADR) provision. In December 2010, Icon filed this case.

The parties have filed various motions relating to Icon's alleged failure to negotiate and mediate prior to instituting this suit and Icon's alleged breach of the implied covenant of good faith and fair dealing. First, Icon moved for partial summary judgment on these "unpled

---

[1] The Settlement Agreement is attached to docket no. 20, filed under seal January 10, 2011.

claims"[2] and Johnson responded with a cross-motion seeking partial summary judgment in its favor on these same claims.[3] Then Johnson moved to amend its counterclaim to "formally plead facts and contentions repeatedly disclosed to Icon in the discovery process since June 2011."[4]

This order grants Icon's motion for summary judgment against Johnson on its claim for damages arising out of Icon's alleged failure to negotiate and mediate, but denies all other summary adjudications sought, and grants Johnson's motion to amend the counterclaim to expressly state claims for a declaratory judgment regarding the ADR provision and for Icon's breach of the implied covenant of good faith and fair dealing.

## ICON'S MOTION FOR SUMMARY JUDGMENT

Icon seeks partial summary judgment on Johnson's "unpled claims that ICON breached the dispute resolution provisions and implied covenant of good faith and fair dealing of the parties' May 31, 2009 Settlement Agreement."[5]

### Undisputed Facts

The following facts are extracted from Johnson's response[6] to the facts contained in Icon's memorandum.[7] Only the undisputed facts material to this decision are included.[8]

---

[2] Icon Health & Fitness Inc.'s Motion for Partial Summary Judgment on Unpled, ADR-Related Breach of Contact Counterclaims (Icon's Motion 187) at 1, docket no. 187, filed November 30, 2012.

[3] Johnson Health and Fitness, Inc.'s Cross-Motion for Partial Summary Judgment that Icon Health & Fitness Inc. Breached the ADR Provisions of the Settlement Agreement and the Covenant of Good Faith and Fair Dealing, docket no. 199, filed January 8, 2013.

[4] Motion and Supporting Memorandum by Johnson Health and Fitness, Inc. to Amend the Counterclaims (Johnson Motion to Amend 211) at 2, docket no. 211, filed under seal January 8, 2013.

[5] Icon's Motion 187 at 1.

[6] Memorandum in Opposition to Icon Health & Fitness Inc.'s Motion for Partial Summary Judgment on ADR-Related Breach of Contract Counterclaims (Johnson Opposition 205) at 4-16, docket no. 205, filed under seal January 8, 2013.

[7] Memorandum in Support Icon Health & Fitness Inc.'s Motion for Partial Summary Judgment on Unpled, ADR-Related Breach of Contact Counterclaims (Icon Supporting Memorandum 192) at xi-xx, docket no. 192, filed under seal November 30, 2012.

1. Icon and Johnson entered into a Settlement Agreement with an Effective Date of May 31, 2009 (Agreement).

2. The Agreement includes backward-looking, mutual releases and covenants not to sue for Covered Products as follows:

REDACTED

3. The Agreement also prescribes a process for REDACTED with an express exception for REDACTED - as follows:

REDACTED

4. Finally, the Agreement includes the attorney fees provision quoted below - but it is expressly limited in scope to breach of the backward-looking releases and covenants not to sue, and does not reach the forward-looking ADR provisions:

---

[8] All references to documents cited in support of the facts are omitted from this summary, but they are contained in Icon's memorandum as footnotes and in Johnson's memorandum in the text. Minor editorial changes have been made to remove points of dispute or for readability. Paragraph numbering is preserved.

<span style="color:red">REDACTED</span>

      5.      On December 14, 2010, Icon commenced this Action by filing its Complaint alleging infringement of two Icon patents by Johnson.

      6.      The same day Icon commenced this Action, Icon's counsel wrote to Johnson's counsel:

> This letter is to advise you that Icon has filed an action against Johnson asserting infringement . . . .  I have enclosed a copy of the complaint for your records . . . .
>
> As an initial matter . . . even if the LIVESTRONG exercise devices which include the LIVE TRACK Interactive USB technology may be "Covered Products" as defined in the Settlement Agreement, this technology represents a change to a "Covered Product not subject to either of the exceptions outlined in article 1.1 (a) and (b).
>
> Further, the dispute resolution provisions in article 7 of the Settlement Agreement do not apply to this dispute because this action was filed to prevent immediate, irreparable harm to Icon's interest. Indeed, Icon is prepared to file a motion for preliminary injunction . . . in an attempt to avoid any further irreparable harm to Icon due to Johnson's infringement.
>
> Notwithstanding the inapplicability of the dispute resolution provisions in the Settlement Agreement, Icon is willing to first explore whether the parties may be able to work out an informal resolution to this dispute.  If Johnson is interested in conducting any such discussions, please let me know at your earliest convenience.  Otherwise, we will proceed with the filing of our preliminary injunction motion and will seek resolution of this dispute through the courts.  We look forward to speaking with you soon to learn of Johnson's intentions regarding Icon's invitation to enter into a dialogue.

      7.      Johnson did not accept Icon's December 14, 2010, invitation to negotiate. Johnson Health never responded in any manner to that invitation.

      8.      Nine days later, Icon filed its Motion for Preliminary Injunction.

      9.      On January 10, 2011, Johnson filed its opposition to Icon's Motion for Preliminary Injunction supported by four declarations.

      10.      Johnson's opposition failed to mention any ADR provisions as a defense.

11. On January 18, 2011, Johnson Health filed its Answer.

12. Johnson Health's Answer asserted counterclaims in six "Counts." Counts I and III seek to have the asserted claims of the patents-in-suit declared invalid while Counts II and IV seek declarations of non-infringement. Counts V and VI seek relief relating to the Agreement. Count V seeks damages because "Icon's lawsuit against Johnson Health violates the Settlement Agreement." Count VI seeks a declaration that this Action is barred because the products accused of infringement are "Covered Products" within the scope of the covenant not to sue.

14. The Answer asserts no affirmative defenses or counterclaims demanding submission to ADR.[9]

15. After filing its Answer and continuing until the end of May 2011, JHT continued to litigate the issues it had framed in its Opposition and Answer--viz., infringement, validity, and the scope of the contractual release and covenant not to sue. For example, during this period JHT propounded interrogatories (on March 22, 2011) and multiple sets of requests for production (on March 22 and April28, 2011); noticed ICON's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6); participated in the preparation of an attorneys' planning meeting report that does not seek referral to the Court's alternative dispute resolution program for mediation (or arbitration); negotiated a schedule that provides for exchanges of infringement and invalidity contentions, a complete Markman briefing schedule, and a Markman hearing; moved for partial judgment on the pleadings; and moved for partial summary judgment.

## Discussion

Concluding that Johnson waived – in this litigation – the Settlement Agreement provisions requiring negotiation and mediation only requires examination of one case, which

---

[9] This is a substantial modification of the undisputed fact proposed by Icon, but this fact is evidence from the record.

Johnson cites. *ASC Utah, Inc. v. Wolf Mountain Resorts, L.C.*[10] first observed that the normal rules of waiver apply when considering waiver of a contractual condition precedent to litigation. "Waiver of a contractual right occurs when a party to a contract intentionally acts in a manner inconsistent with its contractual rights, and, as a result, prejudice accrues to the opposing party or parties to the contract."[11] While *ASC Utah* considered arbitration as a condition precedent, the same analysis applies here.

> In the context of arbitration, this amounts to a two-part test to determine if a party has waived its contractual right: (1) whether the party seeking to assert the right has participated in litigation to a point inconsistent with the intent to arbitrate, and (2) whether the opposing party has been prejudiced as a result.[12]

In *ASC Utah*, the party seeking arbitration had participated in litigation for three years before seeking to arbitrate.[13] The Utah Supreme Court found this was nconsistent with an intent to insist on the condition precedent of arbitration, after the court compared other cases:

- Participation in discovery for five months and filing an answer and cross claim – *inconsistency found*.[14]

- Filing various motions and memoranda, a counterclaim, scheduling orders, various motions involving discovery, serving various requests for discovery, responding to discovery requests, and communicating with the court and opposing counsel about issues related to litigation – *inconsistency found*.[15]

- Three days after complaint was filed, defendant sent plaintiff a letter explaining that the dispute was subject to arbitration; then filed an answer and counterclaim and a motion to dismiss both raising the issue of arbitration; and later filed a motion to compel arbitration – *no inconsistency found*.[16]

---

[10] 245 P.3d 184 (Utah 2010)(citation and quotations omitted).

[11] *Id.* at 193-194.

[12] *Id.* at 194 (citation and quotations omitted).

[13] *Id.*

[14] *Chandler v. Blue Cross Blue Shield of Utah*, 833 P.2d 356 (Utah 1992).

[15] *Smile Inc. Asia Pte. Ltd. v. BriteSmile Management, Inc*., 122 P.3d 654 (Ut. App. 2005).

[16] *Cent. Fla. Invs., Inc. v. Parkwest Assocs*., 40 P.3d 599 (Utah 2002).

One other case cited by Johnson may also be considered. In *Hill v. Ricoh Americas Corp.*[17]:

> the trial was not to take place for another 11 months, discovery could continue for another five-and-a-half months, and the deadline for completing ADR was still more than two months ahead. The only discovery that had been initiated consisted of Mr. Hill's request for production of documents and the parties' disclosures under Rule 26(a)(1) – *no inconsistency found.*[18]

On the scale of these four precedents, Johnson has clearly acted inconsistently with any intent to honor the condition precedent of negotiation and mediation. Johnson did not respond to the December 14, 2010 letter in which Icon's counsel specifically referred to the ADR provision (though stating it did not apply), but nonetheless proposed discussions. Johnson could have insisted on ADR under the Settlement Agreement at that time. Johnson then filed counterclaims alleging invalidity and non-infringement and *other breaches* of the Settlement Agreement (without expressly raising any claim for failure to participate in ADR); participated in scheduling of the litigation, including the specialized procedures of patent cases; moved for partial judgment on the pleadings; and moved for partial summary judgment. Johnson's actions indicate commitment to resolve this dispute in court, not in negotiation or mediation.

The prejudice analysis on these facts is not typical, because Johnson is not seeking an order compelling negotiation and mediation, or a stay of the case pending ADR. But if the court were to compel negotiation and mediation, the court and Icon would have needlessly engaged in the prior years of litigation. Johnson's failure to clearly insist on ADR early on by communication to Icon and the court would make an order compelling negotiation or mediation cause substantial prejudice. For the same reasons, it would be prejudicial to allow a damages

---

[17] 603 F.3d 766 (10th Cir. 2010).

[18] *Id.* at 775.

award against Icon for engaging in years of litigation in which Johnson also vigorously participated.

Policy considerations favoring arbitration provisions are stronger than negotiation or mediation provisions, because arbitration will yield a definite result and avoid litigation, while mediation and negotiation are consensual processes which are not guaranteed to resolve a dispute. Alternative dispute resolution processes have collateral benefits, and if raised early in litigation under a clause such as that in the Settlement Agreement, might be compelled. But "the policies favoring [ADR] are largely defeated when the right . . . is not raised until an opposing party has undertaken much of the expense necessary to prepare a case for trial."[19]

An additional reason to find Johnson cannot seek damages for Icon's failure to invoke the ADR provision is res judicata. "A defendant's right to compel arbitration is considered a compulsory counterclaim or affirmative defense, and if it is not asserted by a defendant, res judicata will prevent it from being raised affirmatively in another proceeding."[20]

To the extent the existing counterclaim states a damages claim based on the failure to follow provisions of the ADR clause prior to this litigation, summary judgment is granted for Icon and against Johnson.

## MOTION TO AMEND

As noted above, the claim for damages caused by Icon's failure to invoke negotiation and mediation before this suit is futile because Johnson failed to raise the issue before substantially participating in the judicial process and prejudice to Icon would result if ADR were now ordered.

---

[19] *Chandler,* 833 P.2d at 361.

[20] *Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345, 348 (3d Cir. 1984).

Johnson's motion to amend to add that claim is denied. An award of damages would be improper.

Johnson also seeks to state a claim for declaratory relief regarding the ADR clause for future conflicts between these parties. "Johnson Health seeks declaratory and coercive relief to compel Icon to comply with the ADR [clause] in the future. . . . Only a declaration of Icon's obligations with greater specificity will prevent Icon from depriving Johnson Health of its bargained for ADR procedures."[21] This claim has not been waived, and no prejudice to Icon will result from the addition of this claim. The parties and the court will benefit from this guidance. Paragraph 35 of the original counterclaim can be read as pleading for this relief. "Based upon the applicability of the Contract to the causes of action raised in Icon's Complaint, Johnson Health is entitled to a declaration that Icon's entire action is barred, released and/or waived by the Contract."[22] This declaratory claim will be tried to the court.

Johnson's concerns about Icon's failure to follow the ADR provision in this litigation are also part of Johnson's concerns about Icon's "raiding strategy" designed to "caus[e] Johnson Health [a] substantial amount of expense and annoyance."[23] In its final memorandum on these issues, Johnson stated: "Icon is in the business of writing patents, suing its competitors based on conclusory, unsupported statements and then engaging in a war of attrition in order to make money from coerced settlements."[24] Johnson's allegations that "Icon has failed to show any good faith basis for its claim that it faced 'immediate irreparable harm' when it started this

---

[21] Johnson Motion to Amend 211 at 15.

[22] Answer and Counterclaims ¶35 at 19, docket no. 21, filed January 18, 2011.

[23] Johnson Opposition 205 at 3.

[24] Reply Memorandum in Support of Johnson Health Tech North America, Inc.'s Cross-Motion For Partial Summary Judgment that Icon Breached the ADR Provisions of the Settlement Agreement and the Covenant of Good Faith and Fair Dealing at 9, docket no. 257, filed March 7, 2013.

litigation"[25] are best analyzed under Johnson's claim for breach of the implied covenant of good faith and fair dealing.

Unlike the claim for damages for breach of the ADR provision, the implied covenant of good faith and fair dealing is not subject to a substantive bar. Johnson's motion to amend will be examined under the standards of Fed. R. Civ. P. 15. While Johnson moved to amend under Fed. R. Civ. P. 15(b), Johnson's motion to amend will be examined under the standards of Rule 15(a). The case on which Johnson relies seems also to use the standards of Rule 15(a).[26]

Under Rule 15(a), a party may amend its complaint once as a matter of course within 21 days after serving it[27] and after that "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[28] Several Tenth Circuit cases have clarified this last standard. For example, the court in *Minter v. Prime Equipment Company*[29] stated, "[a]s a general rule, a plaintiff should not be prevented from pursuing a valid claim."[30] The *Minter* court also stated that "[t]he purpose of [Fed. R. Civ. P. 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[31] *Hom v. Squire*[32] also expressed this liberal sentiment:

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[25] *Id.* at 1.

[26] *Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006) cited in Johnson Motion to Amend 211 at 11.

[27] Fed. R. Civ. P. 15(a)(1).

[28] Fed. R. Civ. P. 15(a)(2).

[29] 451 F.3d 1196 (10th Cir. 2006).

[30] *Id.* at 1208 (quoting *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991)).

[31] *Id.* at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[32] 81 F.3d 969 (10th Cir. 1996).

opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'"[33]

Johnson has not made amendments previously which failed to include a claim for breach of the implied warranty of good faith and fair dealing. The most serious issues under the factors set out in *Hom* are Johnson's delay in seeking to amend and prejudice to Icon. But this claim is not taking Icon by surprise. Icon has known enough to move for summary judgment on the claim. The course of the litigation has certainly placed Icon on notice that Johnson feels Icon has been unfair and acted in bad faith. Icon understood the claim well enough to restate it in its motion for summary judgment: "JHT has claimed . . . Icon supposedly breached the implied covenant of good faith and fair dealing, by allegedly 'failing to investigate before filing whether this lawsuit was 'necessary to prevent immediate, irreparable harm.'"[34] Icon's extensive summary judgment brief belies its claim that more discovery will be needed.[35] In May, 2011, Johnson wrote to Icon that "this matter could have been resolved quickly and inexpensively if Icon only honored the parties 2009 agreement and followed the dispute resolution process first, instead of directly seeking court intervention."[36] Resisting Icon's motion for a stay of this case in August 2011, Johnson complained: "Icon did not even attempt to comply with the dispute resolution provisions before filing the present lawsuit."[37] In October 2011, Johnson answered interrogatories stating that under the ADR clause of the Settlement Agreement, "Icon was obligated to first attempt to settle its present disputes with JHTNA by engaging in good faith

---

[33] *Id.* at 973 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962)).

[34] Icon Supporting Memorandum 192 at ix-x.

[35] Icon Health & Fitness Memorandum in Opposition to Johnson Health Tech. Motion to Amend Counterclaims at 13-14, docket no. 228, filed January 25, 2013.

[36] Johnson Opposition 205 at 15 citing letter from John C. Scheller to Charles L. Roberts dated May 31, 2011, filed under seal as document 200-6, January 8, 2013.

[37] Johnson Health's Memorandum in Opposition to Icon's Motion for Complete Stay and in Further Support of its Motion to Partially Stay Litigation at 5, docket no. 104, filed under seal August 29, 2011.

negotiations."[38]  In March 2012, Johnson responded to discovery requests seeking damages computations specifically identifying damages for breach of the "covenant of good faith and fair dealing" under a capitalized heading "BREACH OF PARAGRAPH 7.1 AND THE COVENANT OF GOOD FAITH AND FAIR DEALING."[39]

Johnson has conducted considerable discovery on the latter issue of the existence of irreparable harm.[40]  Johnson makes serious allegations about Icon's failure to adequately investigate the merits of the case before filing;[41] Icon's failure to notify Johnson of the concerns regarding Johnson's products before filing suit;[42] Icon's attempt to substitute new patent claims for those originally alleged and entirely withdraw claims under one patent;[43] the eventual Patent Office invalidation of many claims of the original and later asserted patents;[44] and a lack of true irreparable harm justifying avoidance of the ADR clause and Icon's failure to investigate the existence of such harm before deciding to initiate suit, foregoing ADR and relying on exceptions to the covenant not to sue.[45]  These allegations are, of course, hotly disputed by Icon.  Icon certainly has evidence which might defeat it at trial, but this fact sensitive claim is not susceptible to summary judgment or summary refusal to permit it to be pled.

The Settlement Agreement was intended to protect both parties from the type of litigation that agreement ended.  It includes a release of all prior claims, a license, a covenant not to sue

---

[38] Johnson Health Tech North America, Inc.'s Supplemental Response to Icon Health & Fitness, Inc.'s Interrogatory Nos. 3 & 13 at 3, docket no. 193-9, filed under seal November 30, 2012.

[39] Johnson Health Tech North America, Inc.'s Responses to Icon Health & Fitness, Inc.'s Fourth Set of Interrogatories at 10-11, docket no 193-7, filed under seal November 30, 2012.

[40] Johnson Opposition 205 ¶¶60-64 at 25-26.

[41] [Proposed] Amended Answer and Counterclaims (Proposed Counterclaim) ¶56 at 21, ¶¶58-59 at 23, docket no. 211-1, filed under seal January 8, 2013; Johnson Opposition 205 ¶¶16-23 at 19-20.

[42] Johnson Opposition 205 ¶¶25-28 at 20.

[43] *Id.* at 11-12 and ¶¶51-53 at 24.

[44] Proposed Counterclaim ¶39-44 at 20 and ¶57 at 21; Johnson Opposition 205 at ¶¶34-36 at 21 and ¶¶42-45 at 23.

[45] Johnson Opposition 205 ¶55 at 24.

and an ADR provision. Its success depends more than many contracts on good faith and fair dealing. Throughout this litigation, Johnson has complained not just about breach, but about disregard for common sense and fairness.

Johnson's already pled breach of contract claim relies on "representations, and covenants and . . . obligations" in the contract, including the release which Johnson pled applied to "the claims in [this suit's] complaint."[46] The original counterclaim alleges "Icon's lawsuit against Johnson Health violates the contract."[47] An implied covenant of good faith and fair dealing is by definition *implied* in the Settlement Agreement.[48] "Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract. . . . A violation of the covenant is a breach of the contract. . . ."[49] The covenant is particularly important where discretionary decision making is granted a party.[50]

## Futility

Icon argues that the implied covenant claim is futile because Johnson claims no recoverable damages. Johnson Health admits that it only seeks "an award of [attorney's] fees under the Settlement Agreement or appropriate statutes, not as damages."[51] Johnson makes no other disclaimer of damages, and neither party has cited authority regarding availability of other

---

[46] Answer and Counterclaim ¶¶26-27 at 19, docket no. 21, filed January 18, 2011.

[47] *Id.* ¶29 at 18.

[48] *Eggett v. Wasatch Energy Corp.*, 94 P.3d 193, 197 (Utah 2004).

[49] *Id.*

[50] *Id.* at 198.

[51] Johnson Opposition 205 at 52-53.

damages under the implied covenant claim.[52]  Perhaps Icon is right that no new damages flow from this claim, but the additional claim may permit Johnson to present evidence on the preparation for and conduct of this litigation, so it is not without purpose.[53]

### Compulsory Counterclaim

Icon's argument that the implied covenant claim is a compulsory counterclaim is overshadowed by the space devoted to the more significant argument that a right to compel arbitration must be raised by a defendant as a counterclaim or affirmative defense.[54]  But the claim for breach of the implied covenant of good faith and fair dealing is not a compulsory counterclaim.

Under Fed. R. Civ. P. 13(a) a "pleading must state as a counterclaim any claim that —at the time of its service—the pleader has against an opposing party [which] arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Icon's claims are for infringement and unfair competition by Johnson's devices.  Johnson's claim for breach of the implied covenant of good faith and fair dealing is based on Icon's pursuit of this action and alleged failure to follow the Settlement Agreement.  No authority cited by Icon would make those claims part of the same transaction or occurrence.  In this case many of the facts which Johnson alleges support its claim including lack of irreparable harm and failure to investigate only became clear after discovery.  Just as a claim for malicious prosecution is not a compulsory counterclaim,[55] Johnson's counterclaim based on the filing of this suit is not compulsory.

---

[52] *Id.* and Reply in Support of Icon Health & Fitness Inc.'s Motion for Partial Summary Judgment on Unpled, ADR-Related Breach of Contact Counterclaims (Icon Reply 231) at 67-68, docket no. 231, filed under seal January 28, 2013.

[53] *Eggert,* 94 P.3d. at 197.

[54] Johnson Opposition 205 at 46-47 and Icon Reply 231 at 61-62.

[55] *Eon Laboratories, Inc. v. Smithkline Beecham Corp.*, 298 F. Supp. 2d 175, 183 (D. Mass. 2003).

To the extent that relief from the past deadline to amend pleadings is needed, it is granted for the good cause shown in this briefing and litigation of these issues to date.

## ORDER

IT IS HEREBY ORDERED that Icon's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART. To the extent the existing counterclaim states a damages claim based on the failure to follow the provisions of article 7.1, summary judgment is GRANTED against Johnson on that claim. Otherwise, the motion is DENIED.

IT IS FURTHER ORDERED that Johnson's cross-motion for partial summary judgment is DENIED. There are simply too many factual issues to grant Johnson's motion.

IT IS FURTHER ORDERED that Johnson's motion to amend cross-claims is GRANTED IN PART and DENIED IN PART.

a. Within seven days, Johnson shall file an amended answer and counterclaim omitting paragraphs 31, 62 and 63 of the current Proposed Counterclaim and the heading for Count VI (Breach of Section 7.1 of the Settlement Agreement), making appropriate adjustment to the positions of paragraphs 32 – 61 and the text of paragraph 64. Paragraph G of the prayer for relief may remain.

b. Within fourteen days thereafter, Icon shall file an amended answer to the counterclaim.

IT IS FURTHER ORDERED that within fourteen days, the parties shall, after conferring, submit a jointly redacted version of this order to dj.nuffer@utd.uscourts.gov for public filing.

Signed May 20, 2013.

BY THE COURT

_____
District Judge David Nuffer