IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART JOHNSON'S MOTION FOR JUDGMENT ON THE PLEADINGS (53)**<br><br>Case No. 1:10-cv-00209-DN-DBP<br><br>District Judge David Nuffer |

This matter is before the court on Johnson Health Tech North America, Inc.'s ("JHT") motion for judgment on the pleadings.[1] For the reasons set forth herein, JHT's motion is GRANTED, and Icon Health & Fitness, Inc.'s (Icon) third cause of action is DISMISSED without prejudice. If Icon wishes to file a supplemental pleading restating its third cause of action and alleging specific facts supporting its Utah unfair competition claim it must do so within fourteen days of the entry of this order.

## Background

Icon brought suit against JHT on December 14, 2010, alleging that certain JHT products infringed two of Icon's patents: U.S. Patent No. 6,193,631 and U.S. Patent No. 7,645,213. Icon also alleged in its third cause of action that JHT engaged in statutory and common law unfair competition under Utah law. Icon's third cause of action is set forth below in its entirety:

---

[1] Defendant Johnson Health Tech North America, Inc.'s Motion for Partial Judgment on the Pleadings Dismissing the Third Cause of the Complaint (Motion), docket no. 53, filed May 17, 2011.

### THIRD CAUSE OF ACTION
### (State Law Unfair Competition, Utah Code Ann. § 13-5a-102(4))

40. By this reference ICON realleges and incorporates the forgoing paragraphs as though fully set forth herein.

41. Johnson, by its actions set forth hereinabove, has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of the '213 and the '631 Patents, in violation of, *inter alia*, Utah Code Ann. § 13-5a-102(4).

42. Johnson's conduct as set forth hereinabove gives rise to a cause of action for unfair competition and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-5a-101, *et seq.*

43. By reason of the foregoing, ICON has suffered damages and irreparable harm.

44. By reason of the foregoing, ICON is entitled to actual and punitive damages from Johnson, along with its attorneys' fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b) as more fully set forth below.

JHT moved to dismiss Icon's third cause of action because it was unsupported by the factual averments; contained only conclusory allegations; and asserted nothing more than patent infringement. As to the last point, JHT argued that Icon's Utah unfair competition claim was preempted by federal patent law because Icon failed to plead any allegations in its complaint beyond mere patent infringement.[2]

Icon responded by arguing that it adequately plead its unfair competition claims, contending that JHT's business practices go beyond patent infringement, claiming that "Icon has alleged that [JHT's] unfair business practice is to compete with Icon by routinely copying Icon's

---

[2] *Id.* at 6. JHT relies on *Hammerton, Inc. v. Heisterman*, 2008 U.S. Dist. Lexis (D. Utah 2008) in support of its preemption argument.

2

patented inventions, which devalues Icon's business and intellectual property."[3]  Additionally, Icon claims that its Utah unfair competition claims are not preempted by federal patent law because Utah's unfair competition law does not grant any patent-like protection to material that is not protectable under federal patent law, and instead "is limited to regulating unfair business practices that harm intellectual property rights granted by the patent office."[4]

Although JHT's motion was filed in May 2011, it was stayed[5] pending re-examination of the patents at issue in this case.  That stay was lifted on June 4, 2013,[6] making JHT's motion ready for decision.

## Discussion

Icon's complaint does not plead with specificity any factual averments or actions that support its Utah unfair competition claims.  Although Icon argues in its opposition memorandum that JHT engages in "routine" or "habitual" copying of Icon's patents as part of JHT's business acts or practices, and that this routine and habitual copying materially diminishes the value of Icon's intellectual property,[7] none of these allegations are in Icon's complaint.[8]  Indeed, Icon's complaint contains no allegations that would support its Utah unfair competition claims beyond mere patent infringement claims.  The absence of such allegations means first of all that the complaint does not state an unfair competition claim under Utah law and second that the claim as

---

[3] *Id.* at 2.

[4] *Id.* at 6.

[5] Order, docket no. 114, entered September 19, 2011.

[6] Order Lifting Partial Stay (Dkt. 114) and Ordering Alternate Dispute Resolution, docket no. 271, filed June 4, 2013.

[7] Icon Health & Fitness, Inc.'s Opposition to Johnson Heath Tech North America, Inc.'s Motion for Partial Judgment on the Pleadings (Opposition) at 9, docket no. 63, filed June 17, 2011.

[8] Icon relies on ¶¶ 2, 6-11, 14-21, and 41 of its complaint in support of these arguments, but none of the cited paragraphs contain specific factual allegations consistent with these arguments.  *Id.*

stated would be pre-empted by federal patent law.[9]  Icon "fails to assert a tort claim that requires proof of [the] additional element that is necessary to avoid it being preempted . . . ."[10]  Icon correctly states that "Utah's unfair competition law is limited to regulating *unfair business practices* that harm intellectual property rights that have been granted by the patent office,"[11] but Icon's complaint fails to describe with any specificity what those unfair business practices are.

## ORDER

IT IS HEREBY ORDERED that JHT's motion for judgment on the pleadings is GRANTED and Icon's Third Cause of Action is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Icon shall have fourteen (14) days from the date of this order to restate its Third Cause of Action in a supplemental pleading setting forth specific facts supporting its unfair competition claim, including any specific facts supporting JHT's alleged unfair business practices, JHT's copying of Icon's inventions, the material diminution of Icon's intellectual property, and any other facts supporting Icon's unfair competition claims.

IT IS FURTHER ORDERED that failure to file the supplemental pleading within fourteen (14) days shall result in dismissal of Icon's Third Cause of Action with prejudice.

Dated July 22, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[9] *Wilcox v. Career Step, L.L.C.*, 2:08–CV–998–CW, 2010 WL 624863 (D. Utah Feb. 19, 2010)

[10] *Id.* at *9.

[11] Opposition at 7.