IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER STRIKING ICON'S FIRST CAUSE OF ACTION IN ITS [293] FIRST AMENDED COMPLAINT**<br><br>Case No. 1:10-cv-00209-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

Johnson Health Tech North America, Inc. ("JHT") filed a motion and memorandum in support of its motion to strike Icon's first cause of action in its first amended complaint.[1] The motion was fully briefed by the parties. For the reasons set forth herein, JHT's motion is GRANTED.

**Background**

In December 2010, Icon filed suit against JHT asserting three causes of action: infringement of two patents (the '213 patent[2] and the '631 patent) and unfair competition under Utah state law. On May 17, 2011, JHT moved for partial judgment on the pleadings dismissing Icon's unfair competition claim,[3] and on July 22, 2013, after the partial stay in this case was lifted, JHT's motion was granted in part (the "Order").[4] Icon's third cause of action, its unfair competition claim, was dismissed without prejudice, and Icon was granted fourteen (14) days to

---

[1] Docket no. 294, filed August 8, 2013.

[2] On July 22, 2013, docket no. 289, the first cause of action in the original complaint, alleging infringement of the '213 patent, was dismissed.

[3] Docket no. 53.

[4] Docket no. 288, memorandum decision and order granting in part Johnson's motion for judgment on the pleadings, entered July 22, 2013.

restate its unfair competition claim.  The Order stated:[5]

> IT IS FURTHER ORDERED that Icon shall have fourteen (14) days from the date of this order to restate its Third Cause of Action in a supplemental pleading setting forth specific facts supporting its unfair competition claim, including any specific facts supporting JHT's alleged unfair business practices, JHT's copying of Icon's inventions, the material diminution of Icon's intellectual property, and any other facts supporting Icon's unfair competition claims.
>
> IT IS FURTHER ORDERED that failure to file the supplemental pleading within fourteen (14) days shall result in dismissal of Icon's Third Cause of Action with prejudice.

In response, on August 5, 2013, Icon filed its first amended complaint, in which Icon provides more factual background related to its unfair competition claims in its newly numbered second cause of action,[6] but also includes additional allegations related to its newly numbered first cause of action for patent infringement of U.S. Patent No. 6,193,631 (the "'631 Patent"). Subsequently, JHT moved to strike the first cause of action from Icon's first amended complaint,[7] arguing that Icon was not authorized and never sought leave to amend its patent infringement cause of action.  Specifically, JHT asserted that Icon's first amended complaint asserts post-re-examination (which concluded over a year ago) claims against additional JHT products and technologies not included in Icon's original complaint.

Icon contends that it "merely amended its [c]omplaint" to include specific facts supporting its unfair competition claim, which, according to Icon, "necessarily includes amending and bolstering facts related to JHT's infringement of the '631 Patent, as Icon's unfair competition claim is rooted in JHT's history and pattern of infringement and copying."[8]  Icon

---

[5] *Id.*

[6] As set forth in Icon's first amended complaint.

[7] Docket no. 294, filed August 8, 2013.

[8] Docket no. 301, Icon's opposition to JHT's motion to strike at p.2, filed August 26, 2013.

2

argues that the allegations in its first amended complaint related to infringement of the '631 Patent demonstrate JHT's "continued pattern of infringement and unfair business practices,"[9] and thus the first cause of action in its amended complaint should not be stricken.

## Discussion

The Order unequivocally (i) granted JHT's motion to dismiss Icon's unfair competition claim; (ii) gave Icon fourteen (14) days to file a supplemental pleading setting forth specific facts in support of that claim; and (iii) warned Icon that failure to file the supplemental pleading within the prescribed time would result in dismissal of the unfair competition claim with prejudice.  The Order did not grant Icon leave or authorization to amend its first cause of action.

Icon has never moved to amend its complaint.  Indeed, the *only* basis that Icon had to make *any* changes to its complaint was the Order entered in response to *JHT*'s motion to dismiss Icon's unfair competition claim.  Icon was not granted leave or authorization to amend its first cause of action related to infringement of the '631 Patent.

## Order

IT IS HEREBY ORDERED that JHT's motion to strike is GRANTED.

IT IS FURTHER ORDERED that Icon's first amended complaint is stricken in its entirety.

IT IS FURTHER ORDERED that Icon shall file a supplemental pleading entitled Second Amended Complaint[10] on or before November 22, 2013.  Icon's Second Amended Complaint shall mirror its first amended complaint, except it shall include the infringement cause of action related to the '631 patent from its original complaint, with no modifications or amendment.

---

[9] *Id*. at p. 3.

[10] Naming the supplemental pleading a Second Amended Complaint should not be construed as leave to make any additional changes to the first amended complaint other than those detailed herein.  This naming requirement is simply for ease of utilizing CM/ECF.

3

IT IS FURTHER ORDERED that JHT's Answer[11] to Icon's first amended complaint is likewise stricken. JHT shall file an answer to Icon's Second Amended Complaint within seven (7) days of service of Icon's Second Amended Complaint. JHT's answer to Icon's Second Amended Complaint shall repeat verbatim its counterclaims as those claims were earlier stated.[12] Because JHT's counterclaims will be re-stated verbatim, Icon need not re-file its answer to JHT's counterclaims.[13]

Dated November 13, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[11] Docket no. 300, filed August 22, 2013.

[12] *Id.*

[13] Docket no. 307, filed September 9, 2013.