IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING ICON'S [297] OBJECTION TO AN ERRONEOUS FACT INCLUDED IN JHT'S SUBMISSION OF UNDISPUTED FACTS AND DENYING ICON'S MOTION TO CORRECT THE UNDISPUTED FACT**<br><br>Case No. 1:10-cv-209<br><br>District Judge David Nuffer |

This matter is before the court on Icon Health & Fitness, Inc.'s ("Icon") Objection to an Erroneous Fact Included in JHT's Submission of Undisputed Facts and, in the Alternative, Motion to Correct the "Undisputed Fact" (the "Motion").[1] Johnson Health Tech North America, Inc. ("JHT") opposes the Motion. Based upon the parties' briefs, the controlling law, and for the reasons set forth herein, the allegedly "erroneous" fact is admitted as undisputed for purposes of the parties' cross motions for partial summary judgment.[2] Icon's objection to the inclusion of the "erroneous" fact is overruled, and its alternative motion to "correct" the "erroneous" fact is denied. Icon had more than sufficient opportunities to "discover" the fact, realize its importance to JHT's motion, and dispute it.

---

[1] Docket no. 297, filed December 5, 2013.

[2] [JHT's] Motion for Partial Summary Judgment ("JHT MPSJ"), docket no. 56, filed May 26, 2011, and [Icon's] Motion for Partial Summary Judgment Dismissing [JHT's] Claim for Breach of Covenant Not to Sue ("Icon MPSJ"), docket no. 186, filed Nov. 30, 2012.

**Background**

Both parties in this case filed motions for partial summary judgment[3] related to their respective interpretations of a settlement agreement executed between them in 2009 (the "Settlement Agreement").[4] The heart of the dispute between the parties is whether accused JHT devices are Covered Products as that term is defined in the Settlement Agreement. The determination of whether the accused JHT devices are Covered Products hinges on whether modifications contained in the accused products are relevant to one of Icon's patents, U.S. Patent No. 6,193,631 (the "'631 Patent"),[5] or whether the modifications substantially change the operation of a feature covered by the '631 Patent.

On May 22 and 23, 2013, the court held a two-day hearing related to the parties' respective cross motions for partial summary judgment. Prior to the hearing, on Monday, May 20, 2013, District Judge David Nuffer sent the parties an email attaching "two marked up statements of facts" comprising what the court believed (based on a review of the parties' briefs) were the undisputed facts related to their motions. The email instructed the parties to come to the hearing prepared to discuss the facts in order to create an agreed upon undisputed record of facts. Specifically, the May 20, 2013 email stated:[6]

> This email includes two marked up statements of facts. (You can probably work with these best on screen or if printed in color.) We will review these Wednesday before getting to the substance of each motion. I want to hear your reactions to what I feel are the undisputed material facts on each motion. I want you to correct my errors on the facts before they lead to legal conclusions. What have I improperly disregarded? What have I improperly found undisputed?

---

[3] *Id*.

[4] Decl. of Nathan Pyles in Support of [JHT's] Opposition to Icon's Motion for Preliminary Injunction, Ex. A, Settlement Agreement, docket no. 20, filed under seal Jan. 10, 2011.

[5] The only remaining Icon patent at issue in this case.

[6] Decl. of Tyson Hottinger in support of Icon's Motion ("Hottinger Decl."), Ex. A, May 20, 2013 email from the court to counsel for the parties, docket no. 297-1, filed August 12, 2013.

The email also noted that "many of [JHT's] statements about the relation of recent product features to patents" were included as proposed undisputed facts because review of the briefs did not reveal "factual disputes from Icon on these points, [but] only relevance disputes."[7] One such statement of fact was a statement asserted by JHT in its opposition memorandum[8] (additional statement of fact no. 42) to Icon's motion for partial summary judgment[9] which read:

> The original and amended 631 Patent claims only apply to downloads that come directly to the exercise device from a wide area network and not indirectly from a separate computer which downloads the workout and then requires the download to be physically transferred and then uploaded to the exercise device via a USB flash drive.[10]

(Additional statement of fact no. 42 is hereafter "Fact No. 42.")

In response to JHT's assertion of Fact No. 42, Icon objected that it was "misleading and irrelevant."[11] Icon also relied on the expert report of Michael Wirthlin to argue that changes to JHT's pre-Effective Date products "prove" that the accused JHT devices are not Covered Products under the Settlement Agreement.[12]

A majority of the first day of the hearing, May 22, 2013, was spent reviewing and discussing the statements of fact contained in the parties' briefing. The parties and the court went line by line through the parties' statements of facts and objections, striking those that were genuinely disputed, accepting those that were undisputed, and modifying others based on the

---

[7] *Id.*

[8] [JHT's] Memorandum in Opposition to [Icon MPSJ] ("JHT Opp.") at 50, docket no. 204, filed under seal Jan. 8, 2013.

[9] Icon MPSJ, docket no. 186.

[10] JHT. Opp. at 50, docket no. 204. This statement is now numbered 59 in the Memorandum Decision and Order Granting [56] Motion for Partial Summary Judgment and Denying [186] Motion for Partial Summary Judgment, docket no. 327, entered under seal December 17, 2013.

[11] Reply in Support of [Icon MPSJ] at 20, docket no. 230, filed under seal Jan. 28, 2013.

[12] *Id.*

parties' stipulations until a complete set of agreed upon undisputed facts was developed.[13] The court recessed for the day and then emailed the undisputed facts to the parties[14] for their review to ensure that all the changes made during the hearing were accurate and reflected what was discussed.[15] The email stated: "If these summaries do not accurately reflect what happened in court, please be prepared to address them at tomorrow afternoon's hearing."[16] Fact No. 42 (as set forth above) was included in the modified statements of undisputed fact emailed to the parties for their review.

At the beginning of the hearing on May 23, 2013, the parties and court discussed the modified statements of undisputed fact that were emailed to the parties the night before. The court inquired:

> Did we get it right on the transcription of our discussions yesterday about the facts? Did I miss something that we talked about that should necessarily be included or are we okay?[17]

Fact No. 42 was specifically discussed. Icon's counsel responded: "From Icon's perspective, Your Honor, our review demonstrates that it was what was agreed upon with the noted objections as to relevance."[18] Subsequently, the parties argued their respective interpretations of the Covered Products provision to the court. JHT relied specifically and extensively on Fact No.

---

[13] This was an interactive process, done with the parties' input in the courtroom. A large monitor known as a Sharp SmartBoard was utilized in the courtroom during the hearing, which was linked to the court's computer via WebEx. The statements of fact were displayed on the SmartBoard during the discussion, and modifications to the statements of fact were made contemporaneously on the SmartBoard pursuant to the discussions and stipulations reached at the hearing.

[14] Hottinger Decl., Ex. B, May 22, 2013 email from the court to counsel for the parties, docket no. 297-1.

[15] The parties were instructed of this as well at the conclusion of the review on May 22, 2013. The court stated: "We'll send you revisions tonight so that you can look at them." Reporter's Transcript of Proceedings at 79:22-23, docket no. 272, entered June 5, 2013.

[16] Hottinger Decl., Ex. B., May 22, 2013 email from the court to counsel for the parties, docket no. 297-1.

[17] Reporter's transcript of proceedings at 130:13-16, docket no. 273, entered June 5, 2013.

[18] *Id.* at 130:17-19.

42 in support of its argument that the accused JHT devices were Covered Products and for a dismissal of Icon's complaint.[19]

At the conclusion of the argument regarding the interpretation of the Covered Products provision, the court ordered JHT to "prepare the facts as we've distilled them [at the hearing]."[20] After the lengthy and exhaustive review of the undisputed facts during the course of the two-day hearing, the court informed the parties:

> [T]here may be no disputed facts because we're going to keep the facts that have been determined on this motion under a Rule 56(g) order. They will remain. That's the record going forward. We're not going to plow this ground again.[21]

Pursuant to the instruction given to JHT regarding preparation of the undisputed facts, on June 6, 2013, JHT submitted the undisputed facts to the court[22] and emailed a copy of them to Icon.[23] Fact No. 42 was included in this submission as "Undisputed Fact No. 62."[24] Icon objected to JHT's *filing* of the undisputed facts on the docket (but not the substance of Fact No. 42), requested that docket no. 274 be put under seal,[25] and submitted proposed redactions to docket no. 274, which included Fact No. 42 with no changes.[26]

Icon now objects to Fact No. 42 and alternatively moves to correct it, claiming its inadvertent inclusion was not discovered until settlement discussions between the parties on July 30, 2013. Icon contends that Fact No. 42 should be corrected for several reasons, including the

---

[19] *Id.* at 188:12-19; 189:8-12.

[20] *Id.* at 205:15-16.

[21] *Id.* at 205:9-13.

[22] Undisputed Material Facts as Agreed During May 22 and 23, 2013 Hearing, docket no. 274, filed under seal June 6, 2013.

[23] Declaration of Mitchell A. Stephens ("Stephens Decl."), Ex. C, June 6, 2013 email from counsel for JHT to the court and counsel for Icon, docket no. 306-3, filed under seal August 29, 2013.

[24] Undisputed Material Facts as Agreed During May 22 and 23, 2013 Hearing at 11, docket no. 274

[25] Stephens Decl., Ex. E, docket no. 306-5, filed under seal August 29, 2013.

[26] *Id.*

5

following: (i) Icon disputed Fact No. 42 in its reply brief; and (ii) Fact No. 42 is a legal issue, as opposed to a factual issue, relating to claim construction of the '631 Patent, and scope and coverage of the '631 Patent can only be determined through a formal claim construction or summary judgment proceeding where claim construction is specifically at issue. This latter argument was not addressed in Icon's reply memorandum, but was not expressly abandoned.

In its reply memorandum, Icon's objection morphs into an objection only to inclusion of Fact No. 42 in a Rule 56(g) order. Icon concedes that the analysis and discussion at the hearing was "appropriate to determine whether the allegation might properly be deemed admitted for purposes of Icon's [motion for partial summary judgment] …, but it was not 'full and careful application of the summary judgment standard … as required to support a Rule 56(g) order."[27] Icon states that the "gravamen" of its objection to Fact No. 42 is that it should not be included in a Rule 56(g) order.[28]

JHT opposes Icon's motion, primarily arguing that Icon had ample opportunities to address and controvert Fact No. 42. JHT claims that not only did Icon fail to dispute Fact No. 42, but that Icon actually stipulated to it on multiple occasions. JHT also claims that the '631 Patent, entitled "Force Script Implementation Over a Wide Area Network," unequivocally supports Icon's stipulation to Fact No. 42, and that inclusion of Fact No. 42 is therefore appropriate in a Rule 56(g) order. JHT also requests its fees and costs incurred in responding to Icon's motion.

## Discussion

Icon had ample opportunity to dispute and controvert Fact No. 42, but it failed to do so. Fact No. 42 was included as a statement of additional fact in JHT's opposition memorandum to

---

[27] [Icon's] Reply in Support of its [Motion] at 6, docket no. 309, filed Sep. 16, 2013.
[28] *Id*. at 3.

Icon's motion for partial summary judgment;[29] it was included as a proposed undisputed fact in an email provided to the parties prior to the two-day hearing on May 22-23, 2013;[30] that email from the court to the parties specifically stated that the court intended to adopt many of JHT's facts about the relation of product features to patents (which necessarily includes Fact No. 42);[31] Fact No. 42 was discussed during the first day of the two day hearing; it was included in another email sent to counsel on the evening of the first day's hearing with another request for careful review; the court addressed the fact summary at the start of the second day's hearing; and Fact No. 42 was relied on extensively by JHT during its argument during day two of the two-day hearing.[32] Icon's claim that it did not "discover" the inclusion of Fact No. 42 until July 30, 2013 is unsupported by the record in this case.

    I.    <u>Fact No. 42 is Admitted for Purposes of the Parties' Cross Motions for Summary Judgment.</u>

Contrary to its assertion, Icon never "disputed" Fact No. 42 in its reply memorandum. A dispute may only arise if facts support the dispute. Icon only *objected* to Fact No. 42 because it was "misleading and irrelevant."[33] The balance of Icon's response to Fact No. 42 states that changes to pre-Effective Date devices "prove" that the accused devices are not "Covered Products" under the Settlement Agreement.[34] This does not controvert the statement in Fact No. 42 regarding the scope and coverage of the '631 Patent. On this basis alone, Fact No. 42 is undisputed and admitted.

---

[29] JHT Opp. at 50, docket no. 204.

[30] Hottinger Decl., Ex. A, May 20, 2013 email from the court to counsel for the parties, docket no. 297-1.

[31] *Id.*

[32] Reporter's transcript of proceedings at 188:12-19; 189:8-12, docket no. 273.

[33] Reply in Support of [Icon MPSJ] at 19-20, docket no. 230.

[34] Relying on Michael Wirthlin's expert report.

In its reply memorandum, Icon concedes that Fact No. 42 was properly admitted for purposes of its motion for partial summary judgment:

> Having determined that Icon disputed only relevance [in response to Fact No. 42], the Court classified the allegation as undisputed. That analysis was appropriate to determine whether the allegation might properly be deemed admitted for purposes of Icon's MPSJ…[35]

Because the parties' cross motions for partial summary judgment were related, and because all of the facts were addressed together, Fact No. 42 is likewise deemed admitted for purposes of JHT's motion for partial summary judgment.

## II. Any "Claim Construction" was Proper.

Icon asserts that Fact No. 42 is a legal conclusion, not a fact; that it amounts to a claim construction rather than a factual statement; and that claim construction "requires a detailed procedure which has not taken place."[36] Claim construction is a judicial duty, but only as to contested claims, while claim application is a jury duty, but only as to contested claims.[37] Both claim construction and claim application involve factual assessments, and parties are free to contest construction and application or to focus on other issues. As stated, Fact No. 42 applies to claim application and is not an inherently improper subject for a summary judgment proceeding. What is more, it appears to be an entirely correct application.[38]

## III. No Rule 56(g) Order is Necessary.

If a party is not granted all its relief requested in a motion for summary judgment, a Rule 56(g) order may be entered establishing the undisputed material facts in the case going

---

[35] [Icon's] Reply in Support of its [Motion] at 6, docket no. 309.

[36] Motion at 6, docket no. 297.

[37] Donald S. Chisum, 5A Chisum on Patents §18.03[1][b] at 18-80 – 18-81 (2013).

[38] [JHT's] Response to [Icon's] [Motion] at 12-13, docket no. 304, filed August 29, 2013.

8

forward.[39] Had JHT's motion for partial summary judgment not been granted, a Rule 56(g) order would have been appropriate. However, because JHT was granted all of the relief requested in its motion for partial summary judgment, a Rule 56(g) order is no longer proper or needed.

# ORDER

For the reasons set forth herein,

IT IS HEREBY ORDERED that Icon's Objection to an Erroneous Fact Included in JHT's Submission or Undisputed Facts[40] is OVERRULED.

IT IS FURTHER ORDERED that Icon's alternative Motion to Correct the Undisputed Fact[41] is DENIED.

IT IS FURTHER ORDERED that JHT's request for its fees and costs in responding to Icon's motion is DENIED.

Signed December 18, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[39] Fed. R. Civ. P. 56(g).

[40] [Icon's Motion], docket no. 297.

[41] *Id.*