IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>Defendant. | **\*\*FILED UNDER SEAL\*\***<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [338] MOTION TO RECONSIDER: (1) [327] "…ORDER GRANTING [56] MOTION FOR PARTIAL SUMMARY JUDGMENT ..." AND (2) [328] "…ORDER OVERRULING ICON'S [297] OBJECTION…"**<br><br>Case No. 1:10-cv-209 DN<br><br>District Judge David Nuffer |

Plaintiff and counter-defendant Icon Health & Fitness, Inc. ("Icon") filed its Motion to Reconsider: (1) "…Order Granting [56] Motion for Partial Summary Judgment…"[1] and (2) "…Order Overruling Icon's [297] Objection…"[2] (the "Motion")[3] in which it requests that the foregoing orders be reconsidered and vacated. Defendant and counter-plaintiff Johnson Health Tech North America, Inc. ("JHT") opposes Icon's Motion. As set forth in greater detail below, after careful consideration of the parties' memoranda and relevant legal authority, Icon's Motion is DENIED.

## Background

The history and background of the parties in this case is detailed in the Memorandum Decision and Order Granting [56] Motion for Partial Summary Judgment and Denying [186]

---

[1] Docket no. 327, entered under seal on December 17, 2013.

[2] Docket no. 328, entered on December 18, 2013.

[3] Docket no. 338, filed under seal on January 10, 2014.

Motion for Partial Summary Judgment[4] (the "MPSJ Order") and in the Memorandum Decision and Order Overruling Icon's [297] Objection to an Erroneous Fact Included in JHT's Submission of Undisputed Facts and denying Icon's Motion to Correct the Undisputed Fact[5] (the "Fact Correction Order") (collectively the "Orders"). The background will only be summarized here.

Icon and JHT are fierce market competitors and familiar foes in litigation. Given their competitive and litigious history, the parties entered into a settlement agreement (the "Agreement") in May 2009. The Agreement, among other things, contained mutual covenants not to sue related to so-called "Covered Products."

In December 2010, Icon filed this suit against JHT alleging unfair competition and patent infringement of two of its patents:  U.S. Patent No. 7,645,213 (the "'213 Patent") and U.S. Patent No. 6,193,631 (the "'631 Patent) (collectively the "Patents"). In response, JHT filed a counterclaim against Icon with numerous causes of action related to the Agreement and to the Patents. One of JHT's contentions is that Icon breached the Agreement (including the covenant not to sue) by filing suit against JHT, even though the allegedly infringing devices were Covered Products.

*Reexaminations and the Stay.*

In April 2011, JHT requested that the PTO reexamine both Patents. While JHT's requests were pending, JHT moved for partial summary judgment against Icon.[6] The PTO granted JHT's requests for reexamination in June 2011.

Due to the pending reexaminations, on June 28, 2011, JHT moved to partially stay this case.[7] JHT sought to stay all of Icon's claims but to allow JHT's counterclaims arising under the

---

[4] Docket no. 327, entered under seal on December 17, 2013.

[5] Docket no. 328, entered on December 18, 2013.

[6] [JHT]'s Motion for Partial Summary Judgment, docket no. 56, filed May 26, 2011.

Agreement to proceed. Icon did not oppose JHT's motion to stay, but also moved that the entire case should be stayed until reexamination of the Patents was complete. On September 16, 2011, JHT's motion to stay was granted, Icon's motion for a complete stay was denied, and Icon's claims were stayed.[8]

On April 3, 2012, an *Inter Partes* Reexamination Certificate was issued for the '213 Patent[9] and on June 19, 2012, an *Ex Parte* Reexamination Certificate was issued for the '631 Patent.[10] Despite this end to the reason for the stay, neither Icon nor JHT ever moved to lift the stay.

On November 30, 2012, while the stay was still in place, Icon filed its motion for partial summary judgment.[11] Icon argued that JHT's counterclaim for breach of the covenant not to sue should be dismissed because "JHT's products which are accused of infringement in this action are not 'Covered Products' under the [ ] [A]greement."[12]

In May 2013, a hearing was held on the parties' respective cross-motions for partial summary judgment (the "Cross-Motions").[13] On the first day of the two-day hearing, after the parties were asked about the stay and whether it should remain in place, they stipulated that it should be lifted because reexamination of both Patents was complete. Based upon the parties' stipulation and statements at the hearing, the stay was lifted on May 22, 2013.[14]

---

[7] [JHT]'s Motion to Partially Stay Litigation, docket no. 66.

[8] Order, docket no. 114, entered September 19, 2011.

[9] Docket no. 200-10.

[10] Docket no. 200-18.

[11] [Icon]'s Motion for Partial Summary Judgment Dismissing [JHT]'s Claim for Breach of Covenant Not to Sue, docket no. 186, filed November 30, 2012.

[12] *Id.* at 2.

[13] Docket no. 56 and docket no. 186.

[14] Transcript at 8:24-25, docket no. 267, filed May 31, 2013; Order Lifting Partial Stay (Dkt. 114) and Ordering Alternate Dispute Resolution, docket no. 271, entered June 4, 2013.

*Summary Judgment Hearing and Undisputed Facts.*

After lifting the stay, the balance of the two-day hearing was spent discussing the facts

and merits of the Cross-Motions. As discussed in greater detail in the Orders, the parties and the

court engaged in a thorough and pain-staking process of reviewing the facts submitted in the

Cross-Motions and opposition memoranda.[15] At the outset, the court inquired whether the facts

associated with the Cross-Motions could be merged:  "Is there any reason to have two [sic] sets

of undisputed facts on these two motions that deal with the same issue?"[16] Neither Icon nor JHT

objected, but instead agreed to combine the facts for purposes of evaluating the Cross-Motions.[17]

Thereafter, the facts were reviewed and the undisputed facts were merged into one set related to

the Cross-Motions.

One of the statements of fact that was merged was additional statement of fact no. 42,

which was asserted by JHT in opposition to Icon's motion for partial summary judgment ("Fact

No. 42").[18] It reads:

> The original and amended 631 Patent claims only apply to downloads that
> come directly to the exercise device from a wide area network and not indirectly
> from a separate computer which downloads the workout and then requires the
> download to be physically transferred and then uploaded to the exercise device
> via a USB flash drive.[19]

Based upon the parties' discussions and stipulations during the two-day hearing, Fact No. 42 was

included as an undisputed fact for purposes of the Cross-Motions. At the end of the hearing, the

Cross-Motions were taken under advisement.

---

[15] Fact Correction Order at 2-4, docket no. 328, entered December 18, 2013.

[16] Transcript at 28:11-13, docket no. 267, filed May 31, 2013.

[17] *Id.* at 27:25 – 28:14.

[18] Fact No. 42 was renumbered as fact no. 59 in the MPSJ Order.

[19] [JHT]'s Memorandum in Opposition to the Motion for Partial Summary Judgment Dismissing [JHT]'s Claim for
Breach of the Covenant Not to Sue at 50, docket no. 204. This statement is now numbered 59 in the MPSJ Order,
docket no. 327, entered under seal December 17, 2013.

Approximately 11 weeks after the hearing, but prior to entry of the MPSJ Order,[20] Icon filed its Objection to an Erroneous Fact Included in JHT's Submission of Undisputed Facts and, in the Alternative, Motion to Correct the "Undisputed Fact"[21] (the "Objection Motion") related to Fact No. 42.

In December 2013, Icon's objection was overruled and its alternative motion to correct was denied.[22] Additionally, based at least in part on Fact No. 42, JHT's motion for partial summary judgment was granted and Icon's motion for partial summary judgment was denied.[23]

*Icon's Motion and JHT's Opposition.*

Icon now moves to vacate the Orders for various reasons. Icon contends that the Fact Correction Order should be reconsidered and vacated because Icon objected to Fact No. 42, both before the two-day hearing, during the hearing, and afterwards in its Objection Motion. Icon argues that if the Fact Correction Order is vacated, then the MPSJ Order should also be vacated. But Icon also contends that even if the Fact Correction Order is not vacated, the MPSJ Order should be reconsidered and vacated. JHT opposes Icon's motion and argues that neither of the Orders should be reconsidered or vacated.

**Discussion**

Icon submits three primary reasons to vacate the Orders. First, Icon contends that the MPSJ Order grants a motion that was never made, namely because JHT's motion was based on non-patent grounds. Second, Icon argues that the scope of the '631 Patent should not have been determined by its deemed admission of Fact No. 42. Third, Icon contends that the court erred by

---

[20] Docket no. 327, entered under seal December 17, 2013.

[21] Docket no. 297, filed August 12, 2013.

[22] Fact Correction Order, docket no. 328, entered December 18, 2013.

[23] MPSJ Order, docket no. 327, entered under seal December 17, 2013.

evaluating only the '631 Patent to analyze whether the changes were relevant to an Existing Patent, as opposed to other patents in Icon's patent portfolio, including its '123 Patent.[24] Prior to addressing these arguments, the standard for reconsidering the Orders will be discussed.

## I. Standard for a Motion to Reconsider.

The Tenth Circuit has explained that a motion to reconsider is inappropriate when used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."[25] But in certain circumstances, a motion to reconsider is appropriate. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[26]

Icon argues that its Motion is proper because it addresses new evidence, which, according to Icon, consists of the "procedural developments" leading to the MPSJ Order. Icon posits that entry of judgment in favor of JHT on a ground not requested by JHT, and based on Icon's deemed admission of Fact No. 42, constitutes "new evidence" that justifies its Motion. Icon also argues that its Motion is proper to correct clear error and prevent manifest injustice.

The so-called "procedural developments" discussed in Icon's Motion do not constitute new evidence for purposes of a motion to reconsider. However, because summary judgment is a drastic remedy,[27] and because of the arguments raised in Icon's Motion, those arguments are discussed below.

---

[24] U.S. Patent No. 8,298,123, currently pending in case no. 1:13-cv-112-DN.

[25] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

[26] *Id*. (citations omitted).

[27] *See Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir. 1973).

## II.  The MPSJ Order Granted Relief Sought by the Parties.

Icon first contends that the MPSJ Order was effectively *sua sponte* because it granted relief that was not requested by JHT. Specifically, Icon argues that neither JHT nor Icon moved for partial summary judgment on the scope of the '631 Patent because the patent issues were stayed.

Icon's first argument is rejected for several reasons. First, both JHT and Icon argued that the Covered Products provision supported their respective positions – JHT argued that its accused devices were Covered Products; Icon argued that they were not. Icon's motion, which was filed while the stay was in place, was unequivocal in requesting a judicial determination of the Covered Products provision and a ruling that "JHT's products that are accused of infringement in this action are not 'Covered Products' under the settlement agreement."[28] The MPSJ Order did exactly what the parties requested in their respective motions – it interpreted the Covered Products provision, and based on that interpretation and the undisputed facts, determined that the accused JHT devices are Covered Products.

Second, both Icon and JHT agreed that the facts set forth in the Cross-Motions should be combined and analyzed together. And as discussed above, the Cross-Motions both asked for the same thing – interpretation of the Covered Products provision and determination of whether the accused devices were Covered Products under the Agreement. JHT, relying in part on Fact No. 42,  argued that the changes contained in its accused devices were not relevant to the '631 Patent both in opposition[29] to Icon's motion for partial summary judgment and during oral argument.[30]

---

[28] Icon's Motion for Partial Summary Judgment Dismissing [JHT]'s Claim for Breach of Covenant Not to Sue at 2, docket no. 186, filed November 30, 2012.

[29] JHT's Memorandum in Opposition to the Motion for Partial Summary Judgment Dismissing [JHT's] Claim for Breach of the Covenant not to Sue at 72-74, docket no. 204, filed under seal January 8, 2013.

[30] Transcript at 190:10 – 191:5, docket no. 268, filed May 31, 2013.

Icon's response at the two-day hearing was that claim construction had not yet occurred because the patent claims had been stayed. But as discussed in Section III below, Icon also stipulated to the scope and applicability of the '631 Patent, particularly in Fact No. 42.

Third, as discussed above, the MPSJ Order in favor of JHT and against Icon was not *sua sponte*. But even if it was, "[w]hen a district court's *sua sponte* determination is based on issues identical to those raised by a moving party, the risk of prejudice is significantly lowered because the judge already is engaged in determining whether a genuine issue of material fact exists and the parties have been given an opportunity to present evidence designed either to support or refute the request for the entry of judgment."[31]

Finally, as discussed in greater detail in Section III below, Icon stipulated to the scope and application of the '631 Patent. Marrying the court's interpretation of the Covered Products provision with Fact No. 42, the MPSJ Order constitutes neither clear error nor manifest injustice.

### III.  Icon Did, and Could, Admit the Scope of its '631 Patent.

Icon's second contention is related to its first, namely that the scope of the '631 Patent could not have been admitted through Icon's stipulation to Fact No. 42. This argument is also related to Icon's request to reconsider and vacate the Fact Correction Order.

Icon argues that the "novel" procedure used to determine the undisputed facts was the start of a series of missteps that ultimately led to claim construction of the '631 Patent based upon Icon's purported admission of its scope. Icon further argues that patent scope is not a factual issue, and that even if it was, Icon disputed it. Icon next argues that Fact No. 42 was related to Icon's motion for partial summary judgment and did not relate to JHT's motion. Icon also contends that the patent issues were stayed, and that it was unjust and improper to consider

---

[31] *Kannady v. City of Kiowa*, 590 F.3d 1161, 1171 (10th Cir. 2010) (internal quotation marks and citations omitted).

the '631 Patent in evaluating the parties' motions. Lastly, Icon argues that even if it admitted Fact No. 42, it withdrew that admission prior to entry of the Orders.

There is no manifest injustice or clear error in the Orders. First, the procedure used to review the facts afforded Icon ample opportunity to raise any issues related to them. The procedure is "novel" in clearly refining and discussing facts in the presence of the parties, with their full participation, rather than having a summary of undisputed facts emerge from a judicial "black box" after the hearing. The procedure also focuses legal arguments on an understood factual record, rather than requiring parties to mix variant factual and legal arguments. Both parties agreed to treat the facts together. Icon had numerous chances to controvert Fact No. 42. It never did, but instead only objected to it on relevance grounds.

Second, generally, construction of contested claims is a judicial duty, while application of contested claims is a duty of the factfinder.[32] But in cases like this, where the patent holder stipulates to claim application, the factfinder is no longer needed and summary judgment may be proper. Fact No. 42 did not require or consist of claim construction. To the contrary, it addressed what the '631 Patent claims *applied* to. Fact No. 42 was neither JHT's imposition on the court of its interpretation of the '631 Patent claims nor was it claim construction. Rather, it was a statement related to the application of the '631 Patent. Icon can and did stipulate to one aspect of the application of the '631 Patent claims.

Third, as discussed in greater detail in Section II above, the parties agreed to combine the facts asserted in the Cross-Motions because the Cross-Motions "deal[t] with the same issue."[33] The combined undisputed facts were properly considered in evaluating the Cross-Motions and in entering the MPSJ Order.

---

[32] Donald S. Chisum, 5A Chisum on Patents § 18.03[1][b] at 18-80 – 18-81 (2013).

[33] Docket no. 272 at p. 28:11-13.

Fourth, the patent issues were not stayed at the time the scope and applicability of the '631 Patent was discussed during the two-day hearing. The stay was lifted at the outset of the hearing, and the heart of JHT's argument related to the '631 Patent occurred on the second day. Additionally, as discussed above, application of the '631 Patent claims to the accused JHT devices did not require claim construction so the stay is irrelevant.

Finally, Icon's argument that it withdrew its admission to Fact No. 42 prior to entry of the Orders is rejected. Icon had ample opportunity to dispute Fact No. 42. To allow a party to move months *after* a hearing on a dispositive motion to correct a fact not disputed at the hearing would confuse the process of briefing, oral argument and decision on dispositive motions.

## IV.  Neither the '123 Patent, Nor Any Other Icon Patents, Need to be Evaluated.

Icon last contends that its '123 Patent should have also been considered in determining whether the accused JHT devices listed in the original complaint are Covered Products for purposes of this case. Icon's '123 Patent is the subject of a separate suit against JHT,[34] which has been stayed since October 4, 2013[35] while the '123 Patent undergoes reexamination. Icon argues that the covenant not to sue is not patent-specific and that a determination that an accused product is a Covered Product in this case bars suit for infringement of any of Icon's Existing Patents (as defined in the Agreement). In sum, Icon contends that the MPSJ Order effectively bars Icon from ever pursuing its claims that the accused JHT devices (as pled in its original complaint) infringe the '123 Patent.

The MPSJ Order considered only whether the accused JHT devices listed in the original complaint were Covered Products in relation to claims 6, 7, 8, and 10 of the '631 Patent.[36] That is

---

[34] Case no. 1:13-cv-112-DN.

[35] Order Granting [JHT]'s Motion to Stay Litigation, docket no. 54, entered October 4, 2013.

[36] MPSJ Order at 42, docket no. 327, entered December 17, 2013.

the limit of the MPSJ Order. Its application is unequivocal: "The issue is whether the accused JHT devices are Covered Products in the context of the '631 Patent;" the "only Existing Patent at issue is Icon's '631 Patent."[37]

Neither the MPSJ Order nor this order should be read as a determination that the accused JHT devices are Covered Products in regard to any of Icon's Existing Patents other than the '631 Patent at issue in this case, or that other JHT devices (not pled in the original complaint) are Covered Products for purposes of the '631 Patent.

If Icon believes that other patents in its portfolio of Existing Patents, including its '123 Patent, are infringed by JHT devices, including the accused JHT devices in this case, Icon may be entitled to protect its rights in accordance with the Agreement. If Icon elects to bring suit, and JHT believes that Icon did not comply with the terms of the Agreement prior to bringing suit, JHT may very well file counterclaims similar to the counterclaims in this case. But the MPSJ Order and this order are limited in their application and effect to the '631 Patent and the accused JHT devices as pled in the original complaint.

The only Icon patents at issue in this case are the '631 Patent and the '213 Patent. The cause of action related to the '213 Patent was dismissed with prejudice in July 2013.[38] As the MPSJ Order states: "Icon itself believed that the only patents of its portfolio of Existing Patents that were infringed by the accused JHT devices were the '631 Patent and the '213 Patent."[39] Icon's suit that the '631 Patent and '213 Patent were infringed by the accused JHT devices does not require JHT to analyze the balance of Icon's patent portfolio to prove that they do not infringe *any* of Icon's Existing Patents and are therefore Covered Products. To hold otherwise

---

[37] *Id*. at 40.

[38] Order Dismissing Icon's First Cause of Action With Prejudice, docket no. 289, entered July 22, 2013.

[39] MPSJ Order at 37, n. 124, docket no. 327, entered under seal December 17, 2013.

would render the Agreement ineffective in any one suit and would place a significant burden on JHT and the judiciary to review and analyze Icon's entire portfolio of Existing Patents before determining whether an Icon suit violates the covenant not to sue. Icon cannot bring suit alleging infringement of two of its patents and then force JHT and the court to engage in an analysis of every patent in Icon's portfolio of Existing Patents to determine whether the accused devices are Covered Products.

### ORDER

Based upon the foregoing,

IT IS HEREBY ORDERED that Icon Health & Fitness, Inc.'s Motion to Reconsider: (1) "…Order Granting [56] Motion for Partial Summary Judgment…" and (2) "… Order Overruling Icon's [297] Objection…" is DENIED.

Signed May 5, 2014.

BY THE COURT:

David Nuffer
United States District Judge

United States District Court
for the
District of Utah
May 5, 2014

******MAILING CERTIFICATE OF THE CLERK******

RE:    Icon Health & Fitness v. Johnson Health Tech North America
       1:10cv209 DN-DBP


       Larry R. Laycock
       MASCHOFF BRENNAN PLLC
       201 S MAIN ST STE 600
       SALT LAKE CITY, UT 84111

       Tyson K. Hottinger
       MASCHOFF BRENNAN
       20 PACIFICA STE 1130
       IRVINE, CA 92618

       Brent O. Hatch
       HATCH JAMES & DODGE
       10 W BROADWAY STE 400
       SALT LAKE CITY, UT 84101

       John C. Scheller
       MICHAEL BEST & FRIEDRICH LLP (MADISON)
       ONE S PINCKNEY ST STE 700
       MADISON, WI 53703

       Gary A. Ahrens
       MICHAEL BEST & FRIEDRICH LLP (MILWAUKEE)
       100 E WISCONSIN AVE STE 3300
       MILWAUKEE, WI 53202

_____

Aimee Trujillo,