IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>**DENYING JOHNSON HEALTH TECH NORTH AMERICA, INC.'S [316] MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE SECOND AMENDED COMPLAINT and**<br><br>**GRANTING ICON'S [318] CROSS-MOTION FOR LEAVE TO AMEND**<br><br>Case No. 1:10-cv-209 DN<br><br>District Judge David Nuffer |

Defendant and counter-plaintiff Johnson Health Tech North America, Inc.'s ("JHT") Motion and Memorandum in Support of Motion to Strike the Second Amended Complaint (the "Motion")[1] seeks to strike Icon Health & Fitness, Inc.'s ("Icon") Second Amended Complaint[2] with prejudice. Icon opposes JHT's Motion and has also filed a Cross-Motion for Leave to Amend (the "Cross-Motion"), which JHT opposes. Based upon the parties' memoranda, relevant legal authority, and for the reasons set forth in greater detail below, JHT's Motion is DENIED, and Icon's Cross-Motion is GRANTED.

---

[1] Docket no. 316, filed on November 26, 2013.

[2] Docket no. 315, filed November 22, 2013.

## Background

Icon brought this suit against JHT on December 14, 2010.[3] Icon's complaint alleged three causes of action against JHT: patent infringement of Icon's U.S. Patent No. 7,546,213 (the "'213 Patent"), patent infringement of Icon's U.S. Patent No. 6,193,631 (the "'631 Patent"), and "State Law Unfair Competition, Utah Code Ann. § 13-5a-102(4)" (the "Unfair Competition Claim").

On May 17, 2011, JHT filed its Motion for Partial Judgment on the Pleadings Dismissing the Third Cause of the Complaint.[4] JHT argued that Icon failed to allege sufficient facts to support its Unfair Competition Claim. While that motion was pending, JHT moved to stay "all portions of the [case] except for [JHT]'s [c]ounterclaims [c]ount V and [c]ount VI for breach of contract and declaratory relief" because the '631 Patent and the '213 Patent were involved in reexamination proceedings.[5] Icon did not oppose JHT's motion to stay, but moved to stay the entire case until the reexaminations were complete.[6] JHT opposed Icon's motion for a complete stay.[7]

On September 19, 2011, JHT's motion to partially stay the case was granted, and Icon's motion to stay the entire case was denied.[8] Neither Icon nor JHT ever moved to lift the stay. The stay remained in place until a dispositive motion hearing on May 22-23, 2013 when it was lifted based upon the parties' stipulation that the reexamination proceedings were complete.[9] After the

---

[3] Docket no. 2.

[4] Docket no. 53.

[5] [JHT]'s Motion to Partially Stay Litigation, docket no. 66, filed June 28, 2011.

[6] [Icon]'s Motion to Stay Litigation, docket no. 84, filed July 15, 2011.

[7] [JHT]'s Memorandum in Opposition to Icon's Motion for Complete Stay and in Further Support of its Motion to Partially Stay Litigation, docket no. 104, filed under seal August 29, 2011.

[8] Order, docket no. 114.

[9] Sealed Minute Entry, docket no. 264, entered May 22, 2013; Order Lifting Partial Stay (Dkt. 114) and Ordering Alternate Dispute Resolution, docket no. 271, entered June 4, 2013.

hearing, a written order lifting the stay was issued, which also required Icon to serve preliminary infringement contentions related to its '213 Patent.[10] In June 2013, Icon's cause of action for infringement of its '213 Patent was dismissed with prejudice[11] because Icon failed to provide preliminary infringement contentions related to that '213 Patent as required by the written order.[12]

When JHT's motion for partial judgment on the pleadings was granted in part on July 22, 2013,[13] Icon's Unfair Competition Claim was dismissed without prejudice. Icon was granted "fourteen (14) days from the date of [the] order to restate its [Unfair Competition Claim] in a supplemental pleading setting forth specific facts supporting its unfair competition claim, including any specific facts supporting JHT's alleged unfair business practices, JHT's copying of Icon's inventions, the material diminution of Icon's intellectual property, and any other facts supporting Icon's unfair competition claims."[14]

Icon's First Amended Complaint, which was filed August 5, 2013 in response to that order,[15] amended more than the order permitted. Icon did re-plead its Unfair Competition Claim with additional facts, but without leave of court, it also modified its first cause of action for infringement of the '631 Patent. In response, JHT moved to strike the first cause of action and to require Icon to move for leave to amend its complaint to add any claims for infringement of the

---

[10] Order Lifting Partial Stay and Ordering Alternate Dispute Resolution, docket no. 271, entered June 4, 2013.

[11] Order Dismissing Icon's First Cause of Action with Prejudice, docket no. 289, entered July 22, 2013.

[12] Order Lifting Partial Stay and Ordering Alternate Dispute Resolution, docket no. 271, entered June 4, 2013.

[13] Memorandum Decision and Order Granting in Part Johnson's Motion for Judgment on the Pleadings, docket no. 288.

[14] *Id*. at 4.

[15] Docket no. 293.

'631 Patent.[16] On November 14, 2013, JHT's motion to strike was granted.[17] Icon's First Amended Complaint was stricken in its entirety, and Icon was ordered to file a supplemental pleading entitled Second Amended Complaint that "[should] mirror its first amended complaint, except it shall include the infringement cause of action related to the '631 [P]atent from its original complaint, with no modifications or amendment."[18]

On November 22, 2013, Icon filed its Second Amended Complaint, which was essentially identical (save for a few typographical errors that were corrected) to its First Amended Complaint, but included the infringement cause of action from its original complaint. Shortly thereafter, JHT filed the instant Motion in which it argues that Icon's Second Amended Complaint should be stricken with prejudice due to Icon's alleged "utter disregard for the Court's Order not once, but twice."[19] Icon opposed JHT's Motion for several reasons, claiming that Icon's Second Amended Complaint only did exactly what it was ordered to do.

Icon also filed its Cross-Motion for leave to file a proposed Third Amended Complaint.[20] JHT opposes Icon's Cross-Motion and argues that Icon's proposed Third Amended Complaint is untimely, prejudicial, and futile. JHT's Motion and Icon's Cross-Motion will each be discussed below.

---

[16] [JHT]'s Motion and Memorandum in Support of Motion to Strike First Cause of Action from First Amended Complaint, docket no. 294, filed on August 8, 2013.

[17] Memorandum Decision and Order Striking Icon's First Cause of Action in its [293] First Amended Complaint, docket no. 314.

[18] *Id*. at 3.

[19] JHT's Motion at 5, docket no. 316, filed on November 26, 2013.

[20] Memorandum Decision and Order Striking Icon's First Cause of Action in its [293] First Amended Complaint, docket no. 314.

## Discussion

### I. JHT's Motion to Strike.

Icon's first cause of action for infringement of its '631 Patent was properly pled in its original complaint. Because of the procedural history and prior orders in this case related to Icon's pleadings, and in response to JHT's first motion to strike,[21] Icon was ordered to file a supplemental pleading entitled Second Amended Complaint. This supplemental pleading was required to mirror Icon's First Amended Complaint, but to include the '631 Patent infringement cause of action from its original complaint rather than expanding it. Icon complied, and JHT cannot now complain about Icon's compliance with the order. JHT's motion is denied.

### II. Icon's Cross-Motion to Amend.

Icon's Cross-Motion requests leave to amend its complaint to assert new allegations of infringement related to additional JHT devices and to JHT's passportplayer.com website and its associated "Virtual Active" media files. Amendments to pleadings are generally governed by Rule 15.[22] "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"[23]

Because the "purpose of the [r]ule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,"[24] courts should "freely give leave when justice so requires."[25] Given this purpose, "[r]efusing leave to amend is

---

[21] [JHT]'s Motion and Memorandum in Support of Motion to Strike First Cause of Action from First Amended Complaint, docket no. 294, filed on August 8, 2013.

[22] *See* Fed.R.Civ.P. 15.

[23] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)(2)).

[24] *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted).

[25] Fed.R.Civ.P. 15(a)(2).

generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[26] Whether to grant leave to amend pursuant to Rule 15(a) is within this court's wide discretion.[27]

JHT opposes Icon's motion to amend on three primary grounds. JHT contends that Icon's motion should be denied because the proposed amendment is untimely, unduly prejudicial, and is futile. As discussed below, these arguments lack merit.

### A. Icon's Proposed Amendment is Not Untimely.

Icon's proposed amendment is not untimely because all the claims and counterclaims in this case, other than JHT's breach of contract and declaratory judgment claims, were stayed until May 22, 2013.[28] A written order lifting the stay was entered on June 4, 2013.[29] After the stay was lifted, Icon did not delay in attempting to amend its complaint. Its first amended complaint was filed August 5, 2013. Although Icon's first amended complaint was stricken because Icon failed to seek leave prior to filing it, Icon has not shown a pattern of delay in this case. It did not delay in filing its First Amended Complaint, in complying with the order to file a supplemental pleading entitled Second Amended Complaint,[30] or in filing the instant motion to amend.[31] Icon's efforts and motion to amend its complaint have been timely.

---

[26] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[27] *See Minter*, 451 F.3d at 1204 (citations omitted).

[28] Sealed Minute Order, docket no. 264, entered May 22, 2013.

[29] Order Lifting Partial Stay (Dkt. 114) and Ordering Alternate Dispute Resolution, docket no. 271.

[30] Memorandum Decision and Order Striking Icon's First Cause of Action in its [293] First Amended Complaint, docket no. 314, entered November 14, 2013.

[31] Docket no. 318, filed November 27, 2013.

### B. JHT Will Not Suffer Undue Prejudice.

JHT's contention that it will be prejudiced by Icon's Third Amended Complaint is unsupported by the history of this case. As discussed above, at JHT's request, all claims and counterclaims, except for JHT's breach of contract and declaratory judgment claims, were stayed on September 19, 2011. The earliest that Icon could have moved to amend its complaint was May 22, 2013 when the stay was lifted.

JHT argues that Icon's Third Amended Complaint will force JHT to start the case over. But this argument ignores JHT's opposition to Icon's request to stay the entire case. JHT instead chose to proceed on its breach of contract claims while all of Icon's claims were stayed. JHT cannot now argue that it will suffer prejudice from the timing of Icon's Third Amended Complaint.

### C. Icon's Proposed Amendment is Not Futile.

JHT's final contention is that Icon's proposed Third Amended Complaint is futile because the newly accused JHT devices and technologies are purportedly Covered Products under the analysis of the MPSJ Order and because Icon cannot show a causal nexus between infringement and harm. JHT's arguments are rejected for three reasons.

First, the MPSJ Order did not consider the newly accused devices and technologies contained in Icon's Third Amended Complaint. Whether Icon's Third Amended Complaint is futile will not be determined based on JHT's description of the newly accused products and technologies.

Second, because the newly accused devices and technologies were not considered during the proceedings on the parties' Cross-Motions for partial summary judgment, Icon's stipulation to the scope and application of the '631 Patent cannot yet be applied to them. And it certainly

cannot be applied to the newly accused devices and technologies based solely on JHT's characterization of them. As set forth in Fed.R.Civ.P. 56(e)(2), the facts determined to be undisputed in the context of the parties' Cross-Motions, including Fact No. 42, were undisputed for purposes of the Cross-Motions only. There may be other facts surrounding the newly accused JHT devices and technologies or other aspects of the '631 Patent that should be considered before any determination can be made as to whether they are Covered Products. Any determination based solely on the allegations in Icon's Third Amended Complaint is premature.

Finally, JHT's reliance[32] on the Federal Circuit's *Apple v. Samsung* trilogy of cases[33] is misplaced. The causal nexus requirement between the alleged harm and the alleged infringement is relevant to a determination of whether preliminary relief is warranted. It is irrelevant to evaluating Icon's Cross-Motion or its Third Amended Complaint. JHT has failed to show that Icon's proposed Third Amended Complaint would be futile.

---

[32] [JHT]'s Supplemental Brief in Opposition to Icon's Cross-Motion for Leave to Amend at 11-13, docket no. 336, filed under seal January 10, 2014.

[33] *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314 (Fed. Cir. 2012) ("*Apple I*"); *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370 (Fed. Cir. 2012) ("*Apple II*"); and *Apple Inc. v.Samsung Elecs. Co.*, 735 F.3d 1352 (Fed. Cir. 2013) ("*Apple III*").

**ORDER**

IT IS HEREBY ORDERED that JHT's Motion and Memorandum in Support of Motion to Strike the Second Amended Complaint[34] is DENIED.

IT IS FURTHER ORDERED that Icon's Cross-Motion for Leave to Amend[35] is GRANTED.

IT IS FURTHER ORDERED that Icon shall file its Third Amended Complaint within fourteen (14) days of the date of this order.

Signed May 5, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[34] [Docket no. 316](Docket no. 316).

[35] [Docket no. 318](Docket no. 318).