IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>Defendant. | **\*\*FILED UNDER SEAL\*\***<br><br>**MEMORANDUM DECISION AND ORDER DENYING ICON HEALTH & FITNESS, INC.'S MOTION TO DIRECT ENTRY OF JUDGMENT ON ITS FIRST CAUSE OF ACTION**<br><br>Case No. 1:10-cv-209 DN<br><br>District Judge David Nuffer |

Icon Health & Fitness, Inc.'s ("Icon") Motion to Direct Entry of Judgment on its First Cause of Action (the "Motion")[1] requests entry of final judgment under Rule 54(b)[2] on its first cause of action (infringement of its U.S. Patent No. 6,193,631 (the "Infringement Claim")), and a stay of this case pending appeal. Johnson Health Tech North America, Inc. ("JHT") opposes Icon's Motion. After careful consideration of the parties' briefs, the relevant and controlling law, and Rule 54(b) of the Federal Rules of Civil Procedure, Icon's Motion is DENIED.

## Background

In December 2010, Icon sued JHT for patent infringement and unfair competition under Utah law, allegedly arising out of JHT's history of copying Icon's business and intellectual property. JHT countersued Icon for breach of the terms of a settlement agreement between the parties (the "Agreement"). The Agreement contained mutual covenants not to sue over products

---

[1] Docket no. 339, filed under seal January 10, 2014.

[2] Fed.R.Civ.P. 54(b).

defined by the Agreement as "Covered Products." JHT's countersuit included claims for invalidity, non-infringement, breach of contract, breach of the implied covenant of good faith and fair dealing, and for declaratory relief.

Both parties filed cross-motions for partial summary judgment on the meaning and effect of the Covered Products provision of the Agreement (the "Cross-Motions"). In December 2013, partial summary judgment was granted in favor of JHT and against Icon because the JHT devices accused of infringement in the original complaint were Covered Products (the "MPSJ Order").[3]

Icon moved to reconsider and vacate the MPSJ Order in January 2014. It also filed this Motion to certify the court's order as final, to allow appeal in the event its motion to reconsider and vacate is denied. Icon argues that the MPSJ Order constitutes a final disposition of its Infringement Claim and that there is no just reason to delay entry of judgment on that claim. Specifically, Icon contends that entry of final judgment now on its Infringement Claim will avoid the risk of duplicative proceedings that may result if the MPSJ Order is overturned on appeal at the conclusion of this case.

JHT opposes Icon's motion and contends that final judgment should not be entered because the Infringement Claim is interrelated with the remaining claims in this case and because just reasons exist to delay entry of final judgment. Icon's motion to reconsider and vacate was denied on May 5, 2014, making this Motion ripe for decision.

## Discussion

"The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final

---

[3] Memorandum Decision and Order Denying Plaintiff's [338] Motion to Reconsider: (1) [327] "…Order Granting [56] Motion for Partial Summary Judgment ..." and (2) [328] "…Order Overruling Icon's [297] Objection…", docket no. 364, entered under seal May 5, 2014.

adjudication of the entire case by making an immediate appeal available.'"[4] But the rule also "preserves the historic federal policy against piecemeal appeals"[5] and "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants."[6] Given the rule's purpose and historical context, "Rule 54(b) entries are not to be made routinely."[7] Certification under Rule 54(b) is appropriate only after the district court expressly determines (i) that the order it is certifying is a final order and (ii) that there is no just reason to delay appellate review of the final order.[8]

Rule 54(b) certification of the MPSJ Order is improper because the MPSJ Order is not a final order. "A judgment is not final for purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."[9] "A claim is generally understood to include all factually or legally connected elements of a case."[10] Determination of whether claims are "separable" requires consideration of two factors: "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief."[11]

The claims addressed in the MPSJ Order are not distinct and separable from the remaining claims in this case. Icon's Infringement Claim has significant factual overlap with its

---

[4] *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)).

[5] *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956).

[6] *Oklahoma Turnpike Authority*, 259 F.3d at 1241 (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 35 (1982)).

[7] *Id.* at 1242 (quotation marks and citations omitted).

[8] *See id*. (citations omitted).

[9] *Id.* at 1243.

[10] *Id.* at 1242.

[11] *Id*. (quoting *Moore's Federal Practice 3d* § 202.06[2]).

second cause of action for unfair competition, which alleges that JHT has engaged in a pattern of copying Icon's business and intellectual property. The Infringement Claim also has significant factual overlap with JHT's counterclaim for invalidity of the '631 Patent.

But the factual overlap goes beyond these claims. Although the MPSJ Order held that the accused JHT devices in Icon's original complaint were Covered Products, Icon has since been granted leave to amend its complaint.[12] Icon's Third Amended Complaint will allege that newly accused JHT devices and technologies infringe the '631 Patent. Icon's first cause of action for infringement of the '631 Patent remains a viable cause of action in this case.

Based on the foregoing, the MPSJ Order is not a final judgment for purposes of Rule 54(b). On this basis alone, certification under Rule 54(b) is improper, and there is no need to address whether there are just reasons to delay appellate review of the MPSJ Order.

## ORDER

IT IS HEREBY ORDERED that Icon's Motion to Direct Entry of Judgment on its First Cause of Action is DENIED.

Signed May 5, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[12] Memorandum Decision and Order Denying [JHT]'s [316] Motion and Memorandum in Support of Motion to Strike the Second Amended Complaint and Granting Icon's [318] Cross-Motion for Leave to Amend, docket no. 365, entered May 5, 2014.

United States District Court
for the
District of Utah
May 5, 2014

******MAILING CERTIFICATE OF THE CLERK******

RE: Icon Health & Fitness v. Johnson Health Tech North America
1:10cv209 DN-DBP


Larry R. Laycock
MASCHOFF BRENNAN PLLC
201 S MAIN ST STE 600
SALT LAKE CITY, UT 84111

Tyson K. Hottinger
MASCHOFF BRENNAN
20 PACIFICA STE 1130
IRVINE, CA 92618

Brent O. Hatch
HATCH JAMES & DODGE
10 W BROADWAY STE 400
SALT LAKE CITY, UT 84101

John C. Scheller
MICHAEL BEST & FRIEDRICH LLP (MADISON)
ONE S PINCKNEY ST STE 700
MADISON, WI 53703

Gary A. Ahrens
MICHAEL BEST & FRIEDRICH LLP (MILWAUKEE)
100 E WISCONSIN AVE STE 3300
MILWAUKEE, WI 53202



_____

Aimee Trujillo,