IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>                      Plaintiff,<br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>GRANTING ICON HEALTH & FITNESS, INC.'S, [374] MOTION FOR LEAVE TO AMEND; and<br><br>DENYING JOHNSON HEALTH TECH NORTH AMERICA, INC.'S [378] CROSS-MOTION TO DISMISS ICON'S UNFAIR COMPETITION CLAIM |
| JOHNSON HEALTH TECH NORTH AMERICA, INC.<br><br>                  Counterclaim Plaintiff<br>v.<br><br>ICON HEALTH & FITNESS, INC.<br><br>                  Counterclaim Defendant. | Case No. 1:10-CV-00209-DN-DBP<br><br>District Judge David Nuffer |

Plaintiff and Counter-Defendant Icon Health & Fitness, Inc.'s ("Icon") requests leave to file its fourth amended complaint ("Motion to Amend"), amending part of its Unfair Competition Claim.[1] Defendant and Counter-Plaintiff Johnson Health Tech North America, Inc. ("JHT") opposes[2] Icon's Motion to Amend, and has also filed a cross-motion to dismiss ("Motion to Dismiss") Icon's Unfair Competition Claim with prejudice.[3] Based upon the parties'

---

[1] [Icon]'s Notice of Motion and Motion to File Fourth Amended Complaint ("Motion to Amend"), docket no. 374, filed September 26, 2014.

[2] [JHT]'s Response to Icon's Motion to File Fourth Amended Complaint and Memorandum in Support of [JHT]'s Motion to Dismiss Icon's Unfair Competition Claim with Prejudice ("Opposition"), docket no. 379, filed October 10, 2014.

[3] [JHT]'s Motion to Dismiss Icon's Unfair Competition Claim with Prejudice, docket no. 378, filed October 10, 2014.

memoranda, relevant legal authority, and for the reasons set forth in greater detail below, Icon's

Motion to Amend is GRANTED, and JHT's Motion to Dismiss is DENIED.

## BACKGROUND

Most of the history and relevant background facts in this case have been extensively

discussed in previous orders.[4] So only the key facts pertinent to the pending motions will be

discussed. Icon brought suit against JHT on December 14, 2010.[5] Icon's Complaint originally

alleged three causes of action against JHT: (a) patent infringement of Icon's U.S. Patent No.

7,546,213 (the "'213 Patent"); (b) patent infringement of Icon's U.S. Patent No. 6,193,631 (the

"'631 Patent"); and (c) State Law Unfair Competition, Utah Code Ann. § 13-5a-102(4) (the

"Unfair Competition Claim").[6]

On May 17, 2011, JHT filed its motion for partial judgment on the pleadings requesting

dismissal of Icon's Unfair Competition Claim.[7] JHT argued that Icon failed to allege sufficient

facts to support its Unfair Competition Claim.[8] JHT's motion for partial judgment on the

pleadings was ultimately granted in part on July 22, 2013, and Icon's Unfair Competition Claim

was dismissed without prejudice.[9] Icon did re-plead its Unfair Competition Claim with

additional facts, but without leave of court, it also modified its first cause of action for

---

[4] *See* Memorandum Decision and Order Granting [56] Motion for Partial Summary Judgment and Denying [186] Motion for Partial Summary Judgment, docket no. 327, filed December 17, 2013; *see also* Memorandum Decision and Order Overruling Icon's [297] Objection to an Erroneous Fact Included in JHT's Submission of Undisputed Facts and Denying Icon's Motion to Correct the Undisputed Facts, docket no. 328, filed December 18, 2013.

[5] Complaint, docket no. 2, filed December 14, 2010.

[6] *Id.* at 5–8.

[7] Defendant [JHT]'s Motion for Partial Judgment on the Pleadings Dismissing the Third Cause of the Complaint, docket no. 53, filed May 17, 2011.

[8] *Id.* at 2.

[9] Memorandum Decision and Order Granting in Part [JHT]'s Motion for Judgment on the Pleadings (53), docket no. 288, filed July 22, 2013.

infringement of the '631 Patent.[10] In response, JHT moved to strike the amended first cause of action.[11] On November 14, 2013, JHT's motion to strike was granted.[12] Icon's First Amended Complaint was stricken in its entirety, and Icon was ordered to file a second amended complaint that "[should] mirror its first amended complaint, except it shall include the infringement cause of action related to the '631 [P]atent from its original complaint, with no modifications or amendment."[13]

On November 22, 2013, Icon filed its Second Amended Complaint.[14] JHT, in turn, filed a motion to strike Icon's Second Amended Complaint with prejudice, arguing that "Icon . . . once again disregarded the Court's Order and again impermissibly amended its '631 patent infringement claims."[15] Icon opposed JHT's motion to strike, claiming that Icon's Second Amended Complaint did exactly what it was ordered to do.[16] Icon also filed a cross-motion for leave to file a third amended complaint.[17] JHT opposed Icon's motion to amend and argued that Icon's proposed third amended complaint is untimely, prejudicial, and futile. JHT's motion to strike was denied and Icon was granted leave to file its Third Amended Complaint.[18]

---

[10] First Amended Complaint, docket no. 293, filed August 5, 2013.

[11] [JHT]'s Motion and Memorandum in Support of Motion to Strike First Cause of Action from First Amended Complaint, docket no. 294, filed on August 8, 2013.

[12] Memorandum Decision and Order Striking Icon's First Cause of Action in its [293] First Amended Complaint, docket no. 314, filed November 14, 2013.

[13] *Id*. at 3.

[14] Second Amended Complaint, docket no. 315, filed November 22, 2013.

[15] [JHT]'s Motion and Memorandum in Support of Motion to Strike the Second Amended Complaint at 2, docket no. 316, filed on November 26, 2013.

[16] [Icon]'s Memorandum in (1) Opposition to [JHT]s Motion to Strike the Second Amended Complaint and (2) Support of Icon's Cross Motion for Leave to Amend at 1, docket no. 319, filed November 27, 2013.

[17] [Icon]'s Cross-Motion for Leave to Amend, docket no. 318, filed November 27, 2013.

[18] Memorandum Decision and Order Denying [JHT]'s [316] Motion and Memorandum in Support of Motion to Strike the Second Amended Complaint and Granting Icon's [318] Cross-Motion for Leave to Amend, docket no. 365, filed May 5, 2014.

On May 14, 2014, Icon filed its Third Amended Complaint.[19] JHT's Answer[20] to Icon's

Third Amended Complaint included several counterclaims. Four of JHT's counterclaims allege

that Icon breached the previous settlement agreements between the parties by including pre-May

2009 conduct in its most recently plead Unfair Competition Claim. In response to JHT's breach

of contract counterclaims, Icon filed the present Motion to Amend, seeking to file a fourth

amended complaint which clarifies that Icon "never intended to rely on pre-May 2009 conduct to

support a claim for damages. . . ."[21] Icon requested amendment "seeks to eliminate [pre-2009]

allegations to clarify the scope of its claim and to eliminate the need for JHT's counterclaims."[22]

JHT opposes Icon's Motion to Amend, arguing that Icon's proposed Fourth Amended Complaint

is futile.[23] JHT also filed a cross-motion to dismiss Icon's Unfair Competition Claim with

prejudice.

## DISCUSSION

### I.     Icon's Motion to Amend

Icon requests leave to amend its Third Amended Complaint to clarify the scope of its

Unfair Competition Claim, streamline the issues surrounding the claim, and save resources for

all those involved by eliminating unnecessary factual allegations, discovery, motions, and

counterclaims.[24]

---

[19] Third Amended Complaint, docket no. 368, filed May 14, 2014.

[20] Answer, Affirmative Defenses and Counterclaims to Third Amended Complaint, docket no. 371, filed June 18, 2014.

[21] Motion to Amend at 1.

[22] *Id.* at 1–2.

[23] Opposition at 3.

[24] Motion to Amend at 1–2.

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure.[25] "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"[26] The "purpose of the [r]ule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,"[27] and courts should "freely give leave when justice so requires."[28] Given this purpose, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[29] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[30] Whether to grant leave to amend pursuant to Rule 15(a) is within this court's wide discretion.[31]

JHT opposes Icon's Motion to Amend, and contends that the amendment is futile.[32] Specifically, JHT argues that Icon's newly proposed allegations are preempted by federal patent law and barred by the parties' 2009 Covenant Not to Sue.[33]

---

[25] *See* Fed.R.Civ.P. 15.

[26] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)(2)).

[27] *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted).

[28] Fed.R.Civ.P. 15(a)(2).

[29] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[30] Jefferson County Sch. Dist. v. Moody's Investor's Services, 175 F.3d 848, 859 (10th Cir.1999).

[31] *See Minter*, 451 F.3d at 1204 (citations omitted).

[32] Opposition at 1.

[33] Opposition at 3–8. JHT also claims that its filing for *inter partes* review ("IPR petition") of Icon's '631 patent is unripe for adjudication and therefore, the court should not reach the merits of Icon's allegations that JHT filed the IPR petition in an effort to stall and frustrate Icon's enforcement of its patents. This argument, however, need not be addressed in light of the holding below.

a. *Icon's Unfair Competition Claim is Not Preempted*

Federal patent laws limit the states' ability to regulate unfair competition. "The Supreme

Court has made clear that state laws are preempted by federal patent law to the extent that they

purport to grant 'patent-like protection to intellectual creations which would otherwise remain

unprotected as a matter of federal law.'"[34] Hence, "[i]f a plaintiff bases its tort action on conduct

that is protected or governed by federal patent law, then the plaintiff may not invoke the state law

remedy, which must be preempted for conflict with federal patent law."[35]

To avoid preemption, a state unfair competition law must "include additional elements

not found in the federal patent law cause of action," and it must not be "an impermissible attempt

to offer patent-like protection to subject matter addressed by federal law."[36]

Icon's Unfair Competition Claim is based on the Utah Unfair Competition Act

("UUCA").[37] The relevant section of UUCA states:

> 4(a) . . . "unfair competition" means an intentional business act or practice that:
>     (i) (A) is unlawful, unfair, or fraudulent; and
>         (B) leads to a material diminution in value of intellectual property;   and
>     (ii) is one of the following: .
>         . . .
>         (B) infringement of a patent, trademark, or trade name[.][38]

Icon's federal patent infringement claim is brought pursuant to § 271 of the Patent Act

which provides that "whoever without authority makes, uses, offers to sell, or sells any patented

invention, within the United States or imports into the United States any patented invention

---

[34] *Hammerton, Inc. v. Heisterman, et al.*, No. 2:06-CV-00806, 2008 WL 2004327, at *7 (D. Utah May 9, 2008) (quoting *Bonito Boats,Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156 (1989)).

[35] *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998) *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999).

[36] *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999).

[37] *See* Utah Code Ann. § 13-5a-101.

[38] Utah Code Ann. § 13-5a-102(4)(a).

during the term of the patent therefor, infringes the patent."[39] An "additional element" that

distinguishes the two causes of action is the UUCA requirement of an "unlawful, unfair, or

fraudulent" "intentional business act or practice." This additional element of the UUCA claim

goes beyond a simple strict liability patent infringement claim.

JHT argues that "Icon's proposed Fourth Amended Complaint is simply a return to its

original effort to assert a state law claim based only on alleged violations of the Federal Patent

Act[.]"[40] JHT points out that Icon must plead something beyond infringement to have a viable

claim under UUCA.[41] It argues that Icon's allegations fail to meet the pleading requirements of

UUCA, because they are void of any facts to show that the alleged actions of JHT's constitute

"an intentional business practice or that it is unlawful, unfair or fraudulent."[42]

Icon contends that it has sufficiently alleged the elements of its Unfair Competition

Claim, including elements beyond mere patent infringement. Icon points out the following

allegations in its proposed Fourth Amended Complaint, which it claims are additional elements

not found in the federal patent law cause of action:

> (1) competition between ICON and JHT; (2) JHT's intentional business
> practice of reviewing ICON's innovations and patents; (3) JHT's intentional
> business practice of stealing ICON's innovations, without having to engage
> in any of the associated work or expenditures, in an effort to improperly
> increase JHT's market reputation and competitive advantage; (4) JHT's
> ongoing practice of infringement[.][43]

Here, the essence of Icon's Unfair Competition Claim is that JHT has an intentional

business practice of stealing and copying Icon's patented inventions as well as Icon's time,

---

[39] 35 U.S.C. § 271(a).

[40] Opposition at 4.

[41] *Id.*

[42] *Id.* at 5.

[43] [JHT]'s Reply Memorandum in Support Of Its Motion to Dismiss Icon's Unfair Competition Claim with
Prejudice ("Reply") at 4, docket no. 387, filed November 21, 2014.

effort, and talent that go into creating and developing the invention. Although the alleged

conduct is similar to conduct that gives rise to Icon's patent infringement claim, the intentional

business practice that Icon alleges has an additional element not found in the federal patent law

cause of action, and is not based on an impermissible attempt by Utah to offer patent-like

protection. Icon's Unfair Competition Claim seeks to protect Icon from unethical or oppressive

business practices, and is distinguishable from its patent infringement claim which seeks to

protect Icon's patented inventions.

Accepting as true all the well-pleaded facts contained in Icon's Complaint and viewing

them in the light most favorable to the Icon, the allegations in the Unfair Competition Claim in

the proposed Fourth Amended Complaint are plausible and give JHT fair notice of what the

claim is and the grounds upon which it rests. Whether the alleged unfair competition rises to the

level of actionable misconduct is a question to be resolved on summary judgment or at trial.

> b.  *2009 Covenant Not to Sue Does Not Bar the Unfair Competition Claim*

JHT contends "Icon's claims of patent infringement by both the LIVETRACK products

and the Virtual Active products cannot be used to support its unfair competition claim as they are

all Covered Products [under the analysis of the MPSJ Order,[44]] and a suit for the making, sale or

use of them is barred by the parties' 2009 covenant not to sue,"[45] as defined by the parties'

Settlement Agreement.[46]

---

[44] Memorandum Decision and Order Granting [56] Motion for Partial Summary Judgment and Denying [186] Motion for Partial Summary Judgment, docket no. 327, filed December 17, 2013.

[45] Opposition at 11.

[46] The Settlement Agreement is attached as Exhibit A to the Declaration of Nathan Pyles in Support of [JHT's] Opposition to [Icon's] Motion for Preliminary Injunction ("Pyles Decl."), docket no. 20, filed under seal January 10, 2011.

Icon argues that the MPSJ Order (which analyzed the Covered Products issue) "does not apply to ICON's unfair competition claim or the Virtual Active integrated products."[47] Icon contends that the Court has clarified the scope of the MPSJ Order by stating:

> Neither the MPSJ Order nor this order should be read as a determination that the accused JHT devices are Covered Products in regards to any of Icon's Existing Patents other than the '631 Patent at issue in this case, or that other JHT devices (not pled in the original complaint) are Covered Products for purposes of the '631 Patent.[48]

JHT is correct that the products that were found to be Covered Products in the MPSJ Order cannot be used to support Icon's Unfair Competition Claim because the "infringement of a patent" element of the unfair competition claim will not be met. However, the MPSJ Order only considered the accused JHT devices listed in the original complaint and was further limited to the '631 Patent.[49] Icon, therefore, may support its Unfair Competition Claim based on activities involving other non-covered products. Whether Icon's newly accused devices are Covered Products as defined by the parties' Settlement Agreement cannot be determined based solely on the allegations of Icon's proposed Fourth Amended Complaint. Factual determination is necessary.

c. *Improper Filing*

Icon states that another component of JHT's "unfair business practice is its efforts to improperly curtail and delay ICON's enforcement of its patent rights in an attempt to further perpetuate its unfair competition."[50] In support of this allegation, Icon points out that JHT

---

[47] Reply at 7.

[48] Memorandum Decision and Order Denying Plaintiff's [338] Motion to Reconsider: (1) [327] ". . . Order Granting [56] Motion for Partial Summary Judgment . . ." and (2) [328] ". . . Order Overruling Icon's [297] Objection . . .", at 10–11, docket no. 364, filed May 5, 2014.

[49] *Id.*

[50] The Proposed Fourth Amended Complaint at 9, attached as Exhibit J to the Declaration of Tyson K. Hottinger In Support of [Icon's] Motion to File Fourth Amended Complaint, docket no. 375, filed September 26, 2014.

recently filed an IPR petition of Icon's '631 patent, which, according to Icon, is an untimely

filing and therefore, an improper petition.[51] Icon argues that the improper IPR petition is part of

JHT's efforts to stall and frustrate Icon's enforcement of its patents.[52]

JHT argues that this alleged conduct "does not fall into one of the four categories

enumerated in the UUCA statute and thus cannot support Icon's unfair competition claim."[53]

Icon's reply does not controvert nor address JHT's argument.

To properly allege a claim under UUCA, the claimed intentional business act or practice

must constitute either "(A) malicious cyber activity; (B) infringement of a patent, trademark, or

trade name; (C) a software license violation; or (D) predatory hiring practices."[54] Filing an

allegedly untimely petition does not infringe upon a patent or fall into one of the other

categories. Having failed to meet the "infringement of a patent" element, the improper filing

allegation cannot support Icon's Unfair Competition Claim. Icon's Fourth Amended Complaint

should, therefore, omit the improper filing allegations from its amended Unfair Competition

Claim.

## II.    JHT's Motion to Dismiss

JHT argues that Icon's Unfair Competition Claim should be dismissed with prejudice

because Icon has acted in bad faith and unduly delayed filing a proper amendment of its Unfair

Competition Claim.[55] JHT contends that Icon's Motion to Amend its Third Amended Complaint

in order to withdraw pre-May 2009 allegations shows that its Third Amended Complaint was

---

[51] *Id.* at 10.

[52] Motion to Amend at 1.

[53] Opposition at 7–8 (citing *SCO Grp., Inc. v. Novell, Inc*., No. 2:04-CV-139, 2007 WL 2327587, at *36 (D. Utah Aug. 10, 2007) rev'd in part, 578 F.3d 1201 (10th Cir. 2009).

[54] Utah Code Ann. § 13-5a-102(4).

[55] *See* Opposition at 10–11.

part of its "bad faith litigation tactics[,] . . . employed to falsely preserve its unfair competition claim with improper placeholder allegations."[56] JHT further claims that "Icon's proposed Fourth Amended Complaint is yet another deficient effort to save Icon's deficient claim."[57]

Icon contends that JHT knew that Icon "never intended to rely on pre-May 2009 conduct to support a claim for damages[,]"[58] but it nevertheless proceeded to file "four counterclaims alleging the breach of previous settlement agreements by virtue of ICON's inclusion of pre-May 2009 conduct in its unfair competition claim."[59] Icon asserts that it seeks, in its Motion to Amend, "to clarify the scope of its [Unfair Competition Claim] and to eliminate the need for JHT's counterclaims."[60]

JHT's unsubstantiated speculation of Icon's improper filing tactics, without more, is insufficient to establish bad faith, and overcome the liberal policy favoring granting leave to amend. Also, JHT's contention that Icon's proposed Fourth Amended Complaint is deficient is similarly unavailing for the reasons discussed in the part of this order granting Icon's Motion to Amend.

---

[56] *Id.* at 11.

[57] *Id.*

[58] Motion to Amend at 1.

[59] *Id.* at 1–2.

[60] *Id.* at 2.

**ORDER**

IT IS HEREBY ORDERED that Icon's Motion to Amend[61] the complaint is GRANTED,

and JHT's Motion to Dismiss[62] is DENIED.

Dated January 13, 2015.

BY THE COURT:

_____

David Nuffer
United States District Judge

---

[61] Icon Health & Fitness, Inc.'s Notice of Motion and Motion to File Fourth Amended Complaint ("Motion to Amend"), docket no. 374, filed September 26, 2014.

[62] Johnson Health Tech North America, Inc.'s Motion to Dismiss Icon's Unfair Competition Claim with Prejudice, docket no. 378, filed October 10, 2014.