IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br>**(1) GRANTING IN PART AND DENYING IN PART [427] MOTION FOR CLARIFICATION**<br>**AND**<br>**(2) GRANTING IN PART AND DENYING IN PART [434] MOTION REGARDING THE SCOPE OF DISCOVERY**<br>**AND**<br>**NOTICE OF SCHEDULING DISCUSSION**<br><br>Case No. 1:10-cv-00209-DN-DBP<br><br>District Judge David Nuffer |

The parties, Icon Health & Fitness, Inc. ("Icon") and Johnson Health Tech North

America, Inc. ("Johnson"), seek clarification of prior orders and the scope of discovery that will

be permitted in this case.[1] In particular, the parties' seek clarification of the December 17, 2013

Memorandum Decision and Order Granting [56] Motion for Partial Summary Judgment and

Denying [186] Motion for Partial Summary Judgment ("MSPJ Order"),[2] and how the MSPJ

Order and other prior orders effect the scope of discovery relating to the causes of action in

Icon's Fourth Amended Complaint.[3]

---

[1] Motion for Clarification on Order Granting and Denying Partial Summary Judgment [327] ("Johnson's Motion"), docket no. 427, filed May 17, 2019; Icon Health & Fitness, Inc.'s Motion Regarding the Scope of Discovery in Light of the Court's Previous Covered Products Decision ("Icon's Motion"), docket no. 434, filed May 31, 2019.

[2] Docket no. 327, filed Dec. 17, 2013.

[3] Docket no. 389, filed Feb. 4, 2015.

Having reviewed and considered the parties' briefing and the docket, including all relevant pleadings and prior orders entered in this case,

IT IS HEREBY ORDERED that Johnson's Motion[4] is GRANTING in part and DENIED in part, and Icon's Motion[5] is GRANTING in part and DENIED in part, as follows:

1.    Icon's Fourth Amended Complaint pertains only to claims 6, 8, and 14-21 of United States Patent No. 6,193,631 ("the '631 Patent").[6]

        a.  Icon alleges infringement and unfair competition by Johnson relating to: (i) devices, technology, and a website that *were* subject to the MSPJ Order;[7] and (ii) devices, technology, and a website that *were not* subject to the MSPJ Order.[8]

        b.  The MPSJ Order's Covered Products determination applied only to claims 6, 7, 8, and 10 of the '631 Patent, and Johnson's accused devices that utilize its "LIVETRACK Interactive USB Technology" and which were listed in the MSPJ Order's Undisputed Facts.[9] Those devices are: LS 8.0T Treadmill; LS

---

[4] Docket no. 427, filed May 17, 2019.

[5] Docket no. 434, filed May 31, 2019.

[6] Fourth Amended Complaint ¶¶ 16-18, 25-35, 43, 46.

[7] *Id*. ¶¶ 19, 21, 25, 27, 30, 40, 42.

[8] *Id*. ¶¶ 20, 22, 26, 28, 31, 40, 42-43.

[9] MSPJ Order; Memorandum Decision and Order Denying Plaintiff's [338] Motion to Reconsider: (1) [327] "...Order Granting [56] Motion for Partial Summary Judgment..." and (2) [328] "...Order Overruling Icon's [297] Objection..." ("[364] Order") at 10-11, docket no. 364, filed May 5, 2014; Memorandum Decision and Order Denying Johnson Health Tech North America, Inc.'s [316] Motion and Memorandum in Support of Motion to Strike the Second Amended Complaint and Granting Icon's [318] Cross-Motion for Leave to Amend ("[365] Order") at 7, docket no. 365, filed May 5, 2014; Memorandum Decision and Order Granting Icon Health & Fitness, Inc.'s [374] Motion for Leave to Amend and Denying Johnson Health Tech North America, Inc.'s [378] Cross-Motion to Dismiss Icon's Unfair Competition Claim ("[388] Order") at 9, docket no. 388, filed Jan. 13, 2015.

10.0T Treadmill; LS 13.0T Treadmill; LS 10.0E Elliptical; LS 13.0E

Elliptical; and LS 7.0 B Recumbent Bike.[10]

    c.   The [365] Order[11] and the [388] Order[12] make clear that Icon could proceed

        with the infringement and unfair competition claims in its Fourth Amended

        Complaint.[13]

2.      The prior orders in this case—in particular, the [364] Order[14]—make clear that

Icon cannot pursue discovery on patents not in suit or attempt to introduce such patents in this

case.

    a.   The only remaining patent at issue in this case is the '631 Patent.[15] The '631

        Patent is the only patent Icon expressly identifies in its Fourth Amended

        Complaint.

    b.   Although Icon's unfair competition claim generally refers to Icon's

        "intellectual property portfolio," "patented technologies," "innovations," and

        diminution in value of "other ICON Patents,"[16] these references will not be

        permitted to act as an end run of the prior orders entered in this case and will

        not expand the scope of this case. Icon has no claim in this case for damages

        arising generally out of its "intellectual property portfolio," "patented

---

[10] MSPJ Order ¶ 30 at 11.

[11] Defined in footnote 9, *supra.*

[12] Defined in footnote 9, *supra.*

[13] [365] Order at 7-8; [388] Order at 9, 11.

[14] Defined in footnote 9, *supra.*

[15] Fourth Amended Complaint ¶¶ 16-18, 25-35, 43, 46.

[16] *Id*. ¶¶ 38-46.

technologies," "innovations," or to the diminution in value of "other ICON Patents."

c. The [364] Order makes clear that Icon cannot bring suit alleging infringement of one of its patents and then force Johnson and the court to engage in an analysis of every patent in Icon's portfolio of Existing Patents to determine whether the accused Johnson devices are Covered Products.[17] To rule otherwise would render the parties' 2009 Settlement Agreement ineffective in any one suit and would place a significant burden on Johnson and the judiciary to review and analyze Icon's entire portfolio of Existing Patents before determining whether an Icon suit violates the 2009 Settlement Agreement's Covenant Not to Sue.[18]

d. Any future Covered Products determination in this case will relate only to Johnson's accused devices and technologies listed in Icon's Fourth Amended Complaint and will be limited to consideration of claims 6, 8, and 14-21 of the '631 Patent. However, the MPSJ Order already determined that some of these accused devices (LS 8.0T Treadmill; LS 10.0T Treadmill; LS 13.0T Treadmill; LS 10.0E Elliptical; LS 13.0E Elliptical; and LS 7.0 B Recumbent Bike) are Covered Products in relation to claims 6 and 8 of the '631 Patent.[19]

3. Icon will not be required to provide a more definite statement describing its basis for maintaining claims against Johnson's devices that utilize the "LIVETRACK Interactive USB Technology" or integrate the "Virtual Active" technology.

---

[17] [364] Order at 11-12.

[18] *Id*.

[19] MSPJ Order; [364] Order at 10-11; [365] Order at 7; [388] Order at 9.

a. Johnson's Motion is not a proper procedural vehicle to challenge the sufficiency of the allegations in Icon's Fourth Amended Complaint.

b. The [365] Order and the [388] Order make clear that factual resolution will determine whether Johnson's accused devices and technologies listed in Icon's Fourth Amended Complaint are Covered Products under the parties' 2009 Settlement Agreement.[20] The proper vehicle for this resolution is a motion for summary or trial.

4.      Icon may pursue further discovery with respect to Johnson's accused devices that were *both* subject to the MPSJ Order *and* listed in the Fourth Amended Complaint, but only in relation to claims 14-21 of the '631 Patent. These devices are: LS 8.0T Treadmill, LS 10.0T Treadmill, LS 13.0T Treadmill, LS 10.0E Elliptical, LS 13.0E Elliptical, and LS 7.0 B Recumbent Bike.[21]

5.      Icon may pursue further discovery with respect to Johnson's accused devices that *were not* subject to the MPSJ Order *and* are newly listed in the Fourth Amended Complaint. These devices are: (a) LSPro1 Treadmill, LS 5.0U Upright Bike, LS 6.0R Recumbent Bike;[22] and (b) Vision treadmills, ellipticals, and bikes that incorporate an elegant or touch console and Matrix "xe" and "xi" model steppers, treadmills, ellipticals, climbmills, and stationary cycles.[23] However, because the Fourth Amended Complaint is limited to claims 6, 8, and 14-21 of the '631 Patent, such discovery on these devices is limited to claims 6, 8, and 14-21 of the '631 Patent.

---

[20] [365] Order at 7-8; [388] Order at 9.

[21] MSPJ Order ¶ 30 at 11; Fourth Amended Complaint ¶ 19.

[22] Fourth Amended Complaint ¶ 19.

[23] *Id*. ¶ 20.

6.     Icon may pursue further discovery with respect to Johnson's livestrong.com and passportplayer.com websites. However, such discovery is limited to the Johnson devices listed in the Fourth Amended Complaint,[24] and claims 6, 8, and 14-21 of the '631 Patent (as referenced in paragraphs 4 and 5 above).

## NOTICE

At the status conference set Tuesday July 23, 2019, the parties should be prepared to discuss scheduling for the case.

Signed July 19, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[24] *Id.* ¶¶ 19-20.